**WESTERN INDEMNITY INSURANCE COMPANY and American International Surplus Lines Insurance Company, Appellants,**

v.

**AMERICAN PHYSICIANS INSURANCE EXCHANGE, Appellee.**

No. 03–96–00335–CV.

Court of Appeals of Texas, Austin.

July 24, 1997.

Rehearing Overruled Aug. 28, 1997.

Pamela J. Touchstone, Schell, Beene & Vaughan, L.L.P., Dallas, for appellants.

Brian McElroy, Davis & Wilkerson, P.C., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

JONES, Justice.

This appeal arises out of a dispute between two insurance companies. American Physicians Insurance Exchange ("APIE"), appellee, sued American International Surplus Lines Insurance Company ("AISLIC"),[1] appellant, seeking a declaratory judgment that AISLIC was obligated to share the costs of defending their common insured, Dr. David L. Martin, in a malpractice action. On cross-motions for summary judgment, the trial court concluded that the liability of the carriers was concurrent and granted summary judgment in favor of APIE. In a single point of error, AISLIC contends the trial court erred in granting summary judgment because the AISLIC policy provided only excess coverage vis-à-vis the APIE policy. We will reverse the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 1990, Dr. David L. Martin signed an employment contract with Pro Med Minor Emergency Center ("Pro Med"). The contract required Dr. Martin to provide professional medical services on behalf of Pro Med and obligated Pro Med, as part of Dr. Martin's compensation, to provide him with professional liability insurance.[2] Pro Med

---

1. Western Indemnity Insurance Company was named a party to this suit as manager of AISLIC's defense under its policy. Western appears in this appeal jointly with AISLIC on behalf of AISLIC. For convenience, we will refer to both appellants collectively as "AISLIC."

2. Specifically, Dr. Martin's employment contract stated:

2. DUTIES OF EMERGENCY SERVICE PHYSICIAN: MEC PHYSICIAN agrees to provide professional medical services in accordance with paragraph five (5) of this contract.

\* \* \* \* \* \*

5. COMPENSATION:

\* \* \* \* \* \*

(b) Malpractice insurance, providing this may be Obtained [sic] at a premium similar to other MEC PHYSICIANS and has not

was insured under a medical professional liability policy of insurance issued by AISLIC. The AISLIC policy was amended by endorsement dated May 30, 1992 to include Dr. Martin as a covered "Scheduled Medical Professional."[3] In addition to the AISLIC policy, Dr. Martin was also covered by an individual professional liability insurance policy issued by APIE.

On October 30, 1992, Dr. Martin was sued for medical negligence. He made a demand for coverage under the APIE policy, and APIE assumed Dr. Martin's defense. Thereafter, he made a demand on AISLIC to join as a "co-primary" insurer. Initially, AISLIC tendered a defense, agreed to act as co-primary insurer, and agreed to reimburse APIE for one-half of Dr. Martin's defense costs. In October 1993, however, AISLIC concluded that its policy provided only excess coverage over the APIE policy and refused to further contribute toward the costs of Dr. Martin's defense. The malpractice lawsuit was eventually tried to a verdict in favor of Dr. Martin.

Both parties focus their arguments on the "Other Insurance" clause of AISLIC's policy, which states:

This insurance is excess over any other valid and collectible insurance available to each Insured, with respect to a Loss Event covered by this policy, whether such other insurance is stated to be primary, contributing, contingent or otherwise, *except this insurance is not excess over any other valid and collectible insurance available to those Additional Insureds to which the Named Insured may be obligated by virtue of a written contract to provide insurance such as is afforded by his policy;* but only with respect to Medical Professional Services performed by or on behalf of the Named Insured and/or Additional Named Insured as provided by this policy. . . .

(Emphasis added.) The dispute revolves around whether Dr. Martin was an "Additional Insured" under the policy, thus allowing APIE to take advantage of the exception to the policy's "Other Insurance" clause.

The AISLIC policy defines "Named Insured," "Additional Named Insured," and "Additional Insured" as follows:

Each of the following is an insured under this policy to the extent set forth below:

A. *Named Insured.* The Named Insured and any member, partner, officer, director, or shareholder thereof while acting within the scope of their duties in providing Medical Professional Services for the Named Insured.

B. *Additional Named Insured.* Any physician, nurse, assistant, or technician, while providing Medical Professional Services under a contract of employment or service contract with the Named Insured, but only while acting within the scope of any contract or employment with the Named Insured and under the control of or of direct benefit to the Named Insured at the time of a Loss Event. Employees of a hospital are not Additional Named Insureds under this policy.

C. *Additional Insured.* Any hospital, person or organization to whom or to which the Named Insured is obligated by virtue of a written contract to provide insurance or indemnity such as is afforded by this policy, but only with respect to Medical Professional Services performed by the Named Insured or an Additional Named Insured.

APIE filed this action seeking a declaration that the APIE and AISLIC policies provided co-primary indemnity coverage to Dr. Martin, entitling APIE to recover from AISLIC one-half of all attorney's fees, expenses, and costs APIE incurred in defending Dr. Martin in the underlying malpractice suit. Both APIE and AISLIC filed motions for summary judgment. By granting APIE's motion and denying AISLIC's, the trial court apparently ruled that Dr. Martin was, as a matter of law, an "Additional Insured" under

---

been greatly increased as a result of malpractice claims, will be provided.

**3.** Another endorsement, issued the same day, provided that the policy's "Insuring Clause" did not apply to "[a]ny medical professional not scheduled hereon."

the AISLIC policy.[4] AISLIC perfected this appeal.

## DISCUSSION

The standards for reviewing a summary judgment are well established: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law; (2) in deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). When the controversy concerns the construction of an unambiguous written instrument, the construction is a matter of law for the court. *Jones v. El Paso Natural Gas Prods. Co.*, 391 S.W.2d 748, 754 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.).

In its only point of error, AISLIC contends the trial court erroneously held that the AISLIC policy provided co-primary insurance on behalf of Dr. Martin. Specifically, AISLIC argues that Dr. Martin is an Additional Named Insured, rather than an Additional Insured, under the AISLIC policy and thus is provided only excess coverage over the APIE policy. APIE, on the other hand, argues that Dr. Martin is an Additional Insured under the AISLIC policy, rendering the excess clause inapplicable and the APIE and AISLIC policies co-primary. In light of the technical meanings of "additional insured" and "additional named insured" and the language of the AISLIC policy as a whole, we conclude that the only reasonable construction is that the parties intended Dr. Martin be an Additional Named Insured, not an Additional Insured. Accordingly, on the record before us, APIE has not conclusively shown the policies to be co-primary.

The general rules of contract construction govern insurance policy interpretation. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex.1995); *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex.1994). When the language of an insurance policy is susceptible to more than one construction, the policy should be construed in favor of the insured to avoid exclusion of coverage. *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 666 (Tex.1987). Conversely, if there is no ambiguity, it is the court's duty to give the words of the policy their generally accepted meaning unless the policy shows the words were meant in a technical or different sense. *Security Mut. Cas. Co. v. Johnson*, 584 S.W.2d 703, 704 (Tex.1979); *Guardian Life Ins. Co. v. Scott*, 405 S.W.2d 64, 65 (Tex.1966). Moreover, courts should not construe insurance polices piecemeal. *American Nat. Ins. Co. v. Paul*, 927 S.W.2d 239, 243 (Tex.App.—Austin 1996, writ denied). When construing a particular provision in an insurance policy, all of the policy's provisions should be given effect, and the whole contract considered, with each clause being used to help interpret the others. *Decorative Ctr. v. Employers Casualty Co.*, 833 S.W.2d 257, 260 (Tex.App.—Corpus Christi 1992, writ denied).

Both the terms "additional insured" and "additional named insured" have clear technical meanings. An additional insured is a party protected under an insurance policy, but who is not named within the policy.[5] *See*

4. Originally, APIE sought a partial summary judgment declaring that the APIE and AISLIC policies provided co-primary indemnity coverage to Dr. Martin. After the rendition of partial summary judgment in its favor, however, APIE filed its First Amended Petition for Declaratory Judgment, which added a request for interest on any indemnity payments, expenses, and attorney's fees from the underlying malpractice lawsuit as well as interest on its attorney's fees incurred in connection with this declaratory judgment action. APIE again moved for summary judgment regarding the additional relief, which was granted with the exception of the

recovery of pre-judgment interest on the attorney's fees, costs, and expenses incurred in this declaratory judgment action. Thereafter, APIE filed its Third Motion for Partial Summary Judgment on the issue of attorney's fees for an appeal of this action, which was granted by the trial court.

5. Black's Law Dictionary defines "additional insured" as follows:

Person(s) covered by policy in addition to the named insured; *e.g.* in an automobile liability policy, the "named insured" is usually the pur-

Mark Pomerantz, Note, *Recognizing the Unique Status of Additional Named Insureds*, 53 Fordham L.Rev. 117, 118 (1984); *see, e.g., Hardware Dealers Mut. Fire Ins. Co. v. Farmers Ins. Exchange*, 444 S.W.2d 583, 589–90 (Tex.1969). A common example of an additional insured is a person who, although not specifically named, is covered under a liability policy by a definition of "insured" that extends protection to interests, strictly according to a status, such as employees or common members of a household. *See* Pomerantz, *supra*, at 118 n. 6; *see, e.g., State Farm Mut. Auto. Ins. Co. v. Walker*, 334 S.W.2d 458, 460 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n.r.e.). On the other hand, an additional named insured is a person or entity specifically named in the policy as an insured subsequent to the issuance of the original policy. Pomerantz, *supra*, at 119. A party typically becomes an additional named insured pursuant to an agreement obligating the named insured to add the additional named insured to the named insured's pre-existing insurance policy. *Id.; see, e.g., Landry v. Oceanic Contractors, Inc.*, 731 F.2d 299, 303 (5th Cir.1984).

■ Under the technical definition and the definitions in the AISLIC policy, Dr. Martin is clearly an Additional Named Insured. As stated above, to be an Additional Named Insured under the AISLIC policy, a person must be a physician, nurse, assistant, or technician providing medical professional services under an employment contract with the named insured (Pro Med), and who was acting in the course and scope of the contract at the time of the underlying loss.[6] Dr. Martin was indisputably a "physician . . . providing medical professional services under a contract of employment . . . with the named insured [Pro Med]"; nor do the parties dispute that he was acting within the scope of his employment contract, and for Pro Med's benefit, at the time of the events that led to the underlying malpractice action.

Most importantly, after signing his employment contract with Pro Med, Dr. Martin was specifically added, by name, to the AISLIC policy through a general change endorsement that stated the following:

Effective May 30, 1992, this endorsement is attached to Certificate No. 7704486–55–147, issued to Pro Med Minor Emergency Centers et al, [*sic*] and modifies the policy as follows:

It is hereby understood and agreed that the list of Named Insureds and Medical Professionals are as follows:

| Named Insureds | Retroactive Date |
|---|---|
| Pro Med Minor Emergency Center 183 | 08/10/90 |

\* \* \*

| Scheduled Medical Professionals | Retroactive Date |
|---|---|

\* \* \*

| David L. Martin, M.D. | 07/01/90 |
|---|---|

Nonetheless, APIE argues that Dr. Martin was not an Additional Named Insured because the AISLIC policy does not specifically refer to him as such, but instead merely lists him as a "Scheduled Medical Professional." We reject this strained reading of the AISLIC policy. The listing of "Scheduled Medical Professionals" contained in the May 30, 1992 endorsement was, without question, intended to designate the listed individuals as persons being provided coverage under the policy. The endorsement's distinction between "Scheduled Medical Professionals" and "Named Insureds" eliminates the possibility that Dr. Martin was being designated as a "Named Insured." Given the definition of Additional Named Insured as "[a]ny physician, nurse, assistant or technician, while providing Medical Professional Services," we conclude that the list of "Scheduled Medical Professionals" in the endorsement was intended to be a listing of Additional Named Insureds. The fact that the policy did not explicitly refer to Dr. Martin as an "Addi-

---

chaser or the owner of the insurance policy, while an "additional insured" or an "insured" is one *who is not specifically identified by name in the policy*, but enjoys status of an insured under the named insured policy, for example, as a result of being the operator of the named insured's automobile.

Black's Law Dictionary 38 (6th ed.1990) (emphasis added).

6. The policy defines "medical professional services" as "services directly related to the profession of the practice of medicine."

tional Named Insured" is immaterial. It is enough that he was specifically named as a person for whom coverage was provided by the policy.

APIE next contends that even if Dr. Martin is an Additional Named Insured within the meaning of the AISLIC policy, he also falls within the definition of Additional Insured under that policy, thereby entitling him to primary coverage under the policy. We disagree. First and foremost, Dr. Martin *was specifically named* in the endorsement as a covered person. The essence of the distinction between an additional named insured and an additional insured is that the former is comprised of insureds who are specifically named in the policy and the latter is comprised of insureds who are not so named. A person is either specifically named in the policy as an insured or not. Here Dr. Martin was so named and, therefore, cannot logically fall into the category of "additional insureds."

Moreover, construing the AISLIC policy as a whole, the coverage provided to Additional Insureds under the policy is only for liability resulting from an obligation of the Named Insured to indemnify or provide insurance to a third party who meets the policy's definition of an Additional Insured. The underlying case involved a direct claim against Dr. Martin for his alleged negligence. A reading of the AISLIC policy shows that it does not contemplate direct liability of an Additional Insured. Rather, the definition of Additional Insured appears to be limited to third parties to which Pro Med, as the Named Insured, is obligated to provide contractual indemnity. This is demonstrated by the provision of the policy entitled "When a Claim is to be Considered First Made."[7] This provision governs the determination of whether a claim is made within the policy period, a prerequisite for determining coverage. The policy does not contemplate a direct claim being made against an Additional Insured, because it does not contain a procedure for determining when a claim is made

against an Additional Insured. Rather, the policy contemplates claims being made only against Named Insureds and Additional Named Insureds. If direct liability of Additional Insureds was intended to be covered by the AISLIC policy, reference to Additional Insureds would necessarily be included in this provision.

The AISLIC policy does not recognize claims received directly by an additional insured as determining whether a claim falls within the policy's coverage period. Because a claim for contractual indemnity would be a claim against a Named Insured or an Additional Named Insured, thereby triggering the claims-made section of the policy, it would be unnecessary to include Additional Insureds in the notice provisions of the policy. The only reasonable interpretation of the policy is that the definition of Additional Insured was not intended to include persons or entities whose direct liability is within the scope of coverage; thus, the policy must be limited in application to circumstances involving an indemnity obligation to a third party. Under the present facts, Dr. Martin does not fall within the category of Additional Insureds.

APIE argues, however, that the AISLIC policy requires an Additional Insured to notify the insurer in the event of a claim, thus not limiting Additional Insureds to third party beneficiaries to a contract. We disagree. While an Additional Insured is apparently under a duty to report a claim to the insurer, it would be unreasonable to construe the policy to allow an Additional Insured to give notice to the insurer, yet not trigger the determination of whether the claim was made within the applicable coverage period. *See Decorative Ctr.,* 833 S.W.2d at 260 (each clause of insurance contract used to interpret the other). Under APIE's construction, when an Additional Insured reported a claim it would be impossible to determine whether the claim was made during the applicable coverage period. Such a construction is not

7. The "Claims Made" section of the policy states: For the purposes of this policy, a Claim against an Insured is first made when the Named Insured or an Additional Named Insured receives during the Policy Period (i) a written demand for money or services from the claimant or claimant's attorney or (ii) a service of process in a suit or other proceeding seeking Damages or services, as a result of an alleged Loss Event to which this policy applies.

reasonable. We sustain AISLIC's point of error.

■ In the present case, AISLIC raises only one point of error complaining of the trial court's *granting* of APIE's motion for summary judgment and does not raise a point of error with regard to the trial court's denial of its own motion for summary judgment. Therefore, we may only remand this cause to the trial court for further proceedings.[8] *See Copeland v. Tarrant Appraisal Dist.*, 906 S.W.2d 148, 152 (Tex.App.—Fort Worth 1995, writ denied); *Pine v. Salzer*, 824 S.W.2d 779, 780 (Tex.App.—Houston [1st Dist.] 1992, no writ).

## CONCLUSION

Having sustained AISLIC's point of error, we reverse the trial court's judgment and remand the cause to that court for further proceedings.

---

8. In any event, we note that the APIE policy is not in evidence, and it may contain an "other insurance" clause that conflicts with the clause in the AISLIC policy, which could render the policies co-primary. *See Hardware Dealers Mut.* *Fire Ins. Co. v. Farmers Ins. Exchange*, 444 S.W.2d 583, 589–90 (Tex.1969) (when "other insurance" provisions in two primary insurance policies conflict, both provisions are ignored and insured will be covered by both policies).