TRANSPORT INTERNATIONAL
POOL, INC. d/b/a GE Capital
Modular Space, Appellant,

v.

The CONTINENTAL INSURANCE
COMPANY and Continental Ca-
sualty Company, Appellees.

No. 2–04–176–CV.

Court of Appeals of Texas,
Fort Worth.

June 2, 2005.

Cotten Schmidt, L.L.P., Larry E. Cotten, Paul E. Hanson and Steven K. Hayes, Fort Worth, for Appellant.

Goins, Underkofler, Crawford & Langdon, LLP, John C. Tollefson and Stephen A. Melendi, Dallas, for Appellees.

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

### INTRODUCTION

In this insurance coverage dispute case, Appellant Transport International Pool, Inc. d/b/a GE Capital Modular Space (GE) appeals from the trial court's summary judgment in favor of Appellees Continental Insurance Company and Continental Casualty Company (Continental). In granting Continental's motion, the trial court held that Continental has no duty to defend or indemnify GE in the underlying lawsuit. GE also appeals from the trial court's denial of its cross-motion for summary judgment. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about March 10, 2000, Tommy Doolin (Doolin) was employed by Vratsinas Construction Company (Vratsinas). Doolin was allegedly injured when a modular space unit (also referred to as a construction trailer) that he was occupying blew over in high winds. The unit was owned by GE and was being leased to Vratsinas under a lease agreement. When GE leased the unit to Vratsinas, the lease agreement provided that

Customer, at Customer's sole cost, will procure and keep in full force and effect from the initial delivery date until the return of all Equipment the following policies of insurance satisfactory to GECMS as to the insurer and as to the form and amount of coverage, with premiums prepaid;

i) Commercial General Liability Insurance with a minimum combined single limit of $1,000,000 per occurrence, written on an occurrence form, including coverage for premises, operations, contractual liability, broad form property damage, independent contractors and personal injury liability, naming GECMS as an additional insured.

ii) Commercial Property Insurance protecting against all loss and damages, at full replacement cost, sustained or suffered due to the loss of or damage to the Equipment as a result of collision, fire, lightning, theft, flood, windstorm, explosion or any other casualty, naming GECMS as a loss payee.

Vratsinas' insurance policy was with Continental. Doolin subsequently filed suit naming only GE as a defendant alleging that GE "negligently and carelessly failed to properly anchor and tie the trailer down so that it was safe for its intended use as a construction office."

GE then filed a third-party petition against Vratsinas and Continental alleging their obligation under the lease and the insurance policy to defend and indemnify GE against Doolin's claims. In its petition, GE sought a declaratory judgment[1] that Continental and Vratsinas are liable for all of Doolin's claims against GE. On

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. ch. 37 (Vernon 1997).

June 20, 2003, Continental moved for summary judgment seeking a declaration that it had no duty to defend or indemnify GE against the claims of Doolin. On February 19, 2004, GE filed a cross-motion for partial summary judgment seeking a declaratory judgment in its favor on the issue of Continental's duty to defend and indemnify GE against Doolin's claims.[2] The trial court granted Continental's motion for summary judgment and denied GE's cross-motion. The trial court's judgment declared that Continental had no duty to defend or indemnify GE in Doolin's suit against it, and GE's third party petition filed against Continental was dismissed with prejudice. GE appeals from the summary judgment in favor of Continental and from the denial of its cross-motion for summary judgment.

## ISSUES ON APPEAL

In four issues, GE (1) argues generally that the trial court erred by granting summary judgment for Continental; (2) argues generally that the trial court erred by denying GE's cross-motion for partial summary judgment; (3) contends that the trial court improperly construed the factual allegations in Doolin's petition against GE, rather than in favor of GE; and (4) contends that the trial court ignored other allegations in Doolin's petition that would allow proof at trial that Doolin's injuries were not caused by GE's sole negligence.

■ Continental presented multiple grounds in its motion for summary judgment urging that it owed no obligation of defense or indemnity under Vratsinas' general liability policy. Continental also argued that the bad faith claim under article 21.21 of the insurance code should be dismissed because there was no claim that was covered under the insurance policy and therefore there can be no bad faith on the part of Continental. The judgment in favor of Continental does not specify the grounds upon which it was granted. Therefore, if the summary judgment can be upheld on any ground presented in the motion, we must affirm. *See Star–Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex.1995).

## STANDARD OF REVIEW

■ To be entitled to summary judgment, Continental was required to show, as a matter of law, that there is no genuine issues of material fact as to one or more of the essential elements of the plaintiff's cause of action. TEX.R. CIV. P. 166(a)(i); *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 774 (Tex.1995); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). In reviewing the summary judgment record, we must consider the evidence in the light most favorable to the non-movant and resolve any doubt in the non-movant's favor. *Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 476–77 (Tex.1995). Because the question of an insurance carrier's contractual duty to defend is one of law, we must conduct a de novo review. *State Farm Gen. Ins. Co. v. White,* 955 S.W.2d 474, 475 (Tex.App.-Austin 1997, no writ).

## DUTY TO DEFEND

### Applicable Law

■ An insurer's duty to defend its insured is determined according to the "eight corners" rule, which requires that we compare the allegations in the petition filed against the insured and the insurance policy. *King v. Dallas Fire Ins. Co.,* 85 S.W.3d 185, 187 (Tex.2002). The plaintiff's petition must allege facts within the scope

---

2. On February 27, 2004, the trial court issued an order severing all claims of GE against Continental from the claims brought by Doolin against GE.

of coverage; otherwise, the insurer will not be legally bound to provide a defense for the insured. *Id.* When the allegations are reviewed to determine whether a liability insurer has a duty to defend its insured, a liberal interpretation in favor of the insured should be given. *Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex.1997). The insurer owes a duty to defend if the plaintiff's pleadings "potentially" state a claim within coverage. *Utica Nat'l Ins. Co. of Texas v. Am. Indem. Co.,* 141 S.W.3d 198, 201 (Tex.2004); *Nat'l Union Fire Ins. Co.,* 939 S.W.2d at 141 (citing *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.,* 387 S.W.2d 22, 26 (Tex.1965)). Nevertheless, it is not every doubt that requires resolution of the duty to defend in favor of the insured; the plaintiff's pleadings must create "that degree of doubt which compels resolution of the issue for the insured." *Nat'l Union Fire Ins. Co.,* at 142.

In reviewing the plaintiff's pleadings in light of the policy provisions, we must focus on the facts alleged, not on the legal theories. *Id.* at 141; *Saint Paul Surplus Lines Ins. Co. v. Geo Pipe Co.,* 25 S.W.3d 900, 903 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (op. on reh'g); *State Farm Gen. Ins. Co.,* 955 S.W.2d at 475–76. "It is not the cause of action alleged that determines coverage, but the *facts* giving rise to the alleged actionable conduct." *Nat'l Union Fire Ins. Co.,* 939 S.W.2d at 141. If the plaintiff's petition does not allege facts within the scope of the policy's coverage, an insurer is not legally required to provide a defense. *Trinity Univ. Ins. Co. v. Cowan,* 945 S.W.2d 819, 821 (Tex. 1997); *Nat'l Union Fire Ins. Co.,* 939 S.W.2d at 141; *Fid. & Guar. Ins. Underwriters, Inc. v. McManus,* 633 S.W.2d 787, 788 (Tex.1982).

Whether an insurer of a liability policy is obligated to defend the insured is a question of law to be decided by the court. *State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 736 (Tex.App.-Fort Worth 1996, writ denied). Thus, the duty to defend is not affected by facts ascertained before suit or developed during the process of litigation, or by the ultimate outcome of the suit. *Argonaut S.W. Ins. Co. v. Maupin,* 500 S.W.2d 633, 636 (Tex.1973); *Heyden Newport Chem. Corp.,* 387 S.W.2d at 24; *Fielder Rd. Baptist Church v. Guideone Elite Ins. Co.,* 139 S.W.3d 384, 388 (Tex.App.-Fort Worth 2004, pet. filed).

**Vratsinas' Policy**

Continental issued general liability policy L1 63623610 to GE's lessee, Vratsinas. The insurance policy also included an endorsement that stated the following:

A. **Who Is An Insured (Section II)** is amended to include as an insured any person or organization from whom you lease equipment when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an insured only with respect to their liability arising out of the maintenance, operation or use by you of equipment leased to you by such person or organization. A person's or organizations's status as an insured under this endorsement ends when their contract or agreement with you for such leased equipment ends.

B. With respect to the insurance afforded these additional insureds, the following additional exclusions apply;

This insurance does not apply:

1. To any "occurrence" which takes place after the equipment lease expires;

2. To "bodily injury" or "property damage" arising out of the sole negligence of such person or organization.

## Doolin's Petition

In his petition, Doolin alleges as follows about GE's conduct:

5. The Plaintiff is an employee of Vratsinas Construction Company ("Vratsinas") and at all times relevant to this case was a construction superintendent on a project known as Las Collinas Village at Highway 114 and MacArthur in Irving, Texas. Under the terms and conditions of a lease agreement with Vratsinas, the Defendant [GE] furnished and set up a 12 X 54′ construction trailer for the employees of Vratsinas to use as office space during the construction process. The Plaintiff's office was in the trailer leased from the Defendant [GE]. A copy of the Lease Agreement is attached hereto as Exhibit 1.

6. On or about March 10, 2000, the Plaintiff was working in the office trailer when straight line winds blew the trailer over, causing it to roll several times, resulting in serious injuries to the Plaintiff. The Plaintiff suffered a broken shoulder, collar bone, ribs, spine, and various cuts and abrasions. The Plaintiff's injuries required hospitalization, surgery, and a lengthy rehabilitation.

. . . .

7. The Defendant [GE] negligently and carelessly failed to properly anchor and tie the trailer down so that it was safe for its intended use as a construction office. The Plaintiff's injuries and monetary losses were directly and proximately caused by the negligence of the Defendant [GE].

## Application of Law to Facts

In its motion for summary judgment, Continental contends that GE is not an additional insured under Vratsinas' insurance policy and alternatively that the exclusionary provision in the insurance policy negates Continental's duty to defend and indemnify GE. However, in Continental's brief, it states that "[t]he only real issue on appeal is the applicability of the 'Sole Negligence' exclusion."[3]

In Texas, the term "additional insured" carries a clear technical meaning. *W. Indem. Ins. Co. v. Am. Physicians Ins. Exch.*, 950 S.W.2d 185, 188 (Tex.App.-Austin 1997, no writ). An additional insured is a party protected under a policy without being named in the policy. *Id.* at 188–89. A party typically becomes an additional insured pursuant to an agreement obligating the named insured to add the additional insured to the named insured's pre-existing insurance policy. *Id.* at 189. Furthermore, an insurance policy is a contract between the insurer and insured. *Doss v. Roberts,* 487 S.W.2d 839, 841 (Tex. Civ.App.-Texarkana 1972, writ ref'd n.r.e.). The named insured, as a party to the contract, may sue on it; however, a stranger to the contract may not sue. *Id.* Often, questions arise over who else may, and may not, sue on the contract. *Id.* Texas courts have consistently allowed an

**3.** During oral arguments Continental appeared to concede that GE qualified as an additional insured but focused on the fact that it owed GE no duty to defend because GE fell within the "sole negligence" exclusion of the insurance policy. Both sides seem to agree that the main issue in this case is whether, when examining Doolin's petition, the exclusionary provision applies.

additional insured to seek coverage under such insurance policies. *See Highland Park Shopping Vill. v. Trinity Universal Ins. Co.*, 36 S.W.3d 916, 918 (Tex.App.-Dallas 2001, no pet.); *McCarthy Bros. v. Cont'l Lloyds Ins. Co.*, 7 S.W.3d 725, 731 (Tex.App.-Austin 1999, no pet.); *Admiral Ins. Co. v. Trident NGL, Inc.*, 988 S.W.2d 451, 452 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

Here, the lease agreement between Vratsinas and GE was in writing and provided that Vratsinas would "procure and keep in full force and effect...the following policies of insurance ... naming GECMS as an additional insured." The insurance policy provided, by way of the endorsement, that in addition to insuring Vratsinas, it also insured "any...organization from whom you lease equipment when you and such...organization have agreed in writing ... that such...organization be added as an additional insured on your policy." GE leased the construction trailer involved in this lawsuit to Vratsinas. Therefore, we must conclude that Continental intended to give additional insured status to any person or organization, such as GE, that Vratsinas leased equipment from in a contractual agreement. Accordingly, we hold that GE was an additional insured under the Vratsinas/Continental policy.

Consequently, we must resolve whether the exclusionary provision of the endorsement applies as to the duty to defend. Continental's position is that the policy excluded coverage for GE's sole negligence. Accordingly, we look within the "eight corners" of Doolin's petition and the insurance policy issued to Vratsinas by Continental. The plain language of the exclusion provides that the additional insured endorsement "does not apply to 'bodily injury' ... arising out of the sole negligence of such ... organization."

Doolin's petition provides that GE "furnished and set up" the trailer and "negligently and carelessly failed to properly anchor and tie the trailer down...." Given their most liberal interpretation, as we believe the trial court did, these allegations do not suggest anything other than the conclusion that Doolin's injuries resulted from GE's failure to properly secure the trailer. Doolin's petition did not allege any acts of negligence or omissions from any other persons or organization.

GE argues that coverage was not negated by the exclusion in the policy because 1) Vratsinas had sole responsibility for preparing the site on which the equipment would be used, 2) it was Vratsinas' responsibility to provide firm and level ground for a safe and unobstructed installation, 3) the site selection for the trailer was the responsibility of Vratsinas, and 4) Vratsinas assumed all maintenance duties. GE asserts in its brief that based on Doolin's petition, the proof at trial would explore the role played in Doolin's injuries by 1) the act of God, 2) unavoidable accident, 3) Vratsinas' breach of its duties under the lease agreement, as well as its negligence in causing those injuries, 4) the acts of a third party not under GE's control, and 5) Doolin himself, in his role as construction site supervisor.

In general, a determination of whether an insurer has a duty to defend does not consider matters outside the policy and pleadings. *Capital Bank v. Commonwealth Land Title Ins. Co.*, 861 S.W.2d 84, 88 (Tex.App.-Houston [1st. Dist.] 1993, no writ). We will not read facts into the pleadings, nor will we "imagine factual scenarios which might trigger coverage." *See Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex.App.-Houston [1st. Dist.] 1990, writ denied); *Nat'l Union Fire Ins. Co.*, 939 S.W.2d at 142. Because Doolin's pleadings

only allege that GE's conduct led to his injuries, and because we only look to the pleadings and the insurance policy, we conclude that coverage under the endorsement did not apply because the policy excluded coverage for GE's sole negligence. Accordingly, we hold the trial court did not err in granting summary judgment in favor of Continental on the issue of Continental's alleged duty to defend.

## BAD FAITH CLAIM

### Applicable Law

■ To establish a breach of the duty of good faith and fair dealing, a two-prong test must be met. *Republic Ins., Co. v. Stoker,* 903 S.W.2d 338, 340 (Tex.1995). First, there must be an absence of a reasonable basis for denying benefits under the policy. *Id.* Second, the carrier must have known or should have known that there was not a reasonable basis for denying the claim. *Id.* The first prong of this test requires an objective determination of whether a reasonable insurer would have denied the claimant's benefits. *Id.*

### Application of Law to Facts

■ GE alleges a claim of "bad faith" against Continental. The Texas Supreme Court held that as a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered. *Republic Ins., Co.,* 903 S.W.2d at 341. However, the court also stated, "[w]e do not exclude the possibility that in denying the claim, the insurer may commit some act, so extreme, that would cause injury independent of the policy claim." *Id.* Here, Continental is not guilty of bad faith because there was no duty to defend GE. Furthermore, a review of the record reveals no act "so extreme, that would cause injury independent of the policy claim."

Accordingly, we hold the trial court did not err in granting summary judgment in favor of Continental on the issue of bad faith.

## DUTY TO INDEMNIFY

### Applicable Law

■ An insurer's duty to indemnify is separate and distinct from the insurer's duty to defend. *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 82 (Tex.1997); *Collier v. Allstate County Mut. Ins. Co.,* 64 S.W.3d 54, 62 (Tex.App.-Fort Worth 2001, no pet.). While a party may have a duty to defend and then an ultimate determination that there is no duty to indemnify, without a predicate triggering of the duty to defend, indemnification does not arise. *Farmers Tex. County Mut. Ins. Co.,* 955 S.W.2d at 82–84; *Travelers Indem. Co. v. Citgo Petroluem Corp.,* 166 F.3d 761, 768 (5th Cir. 1999). Texas cases have consistently held that where there is no duty to defend under the terms of the policy, there can be no duty to indemnify. *State Farm Lloyds v. Borum,* 53 S.W.3d 877, 889 (Tex.App.-Dallas 2001, pet. denied); *Utica Lloyd's of Texas v. Sitech Eng'g Corp.,* 38 S.W.3d 260, 264 (Tex.App.-Texarkana 2001, no pet.); *Lay v. Aetna Ins. Co.,* 599 S.W.2d 684, 687 (Tex.Civ.App.-Austin 1980, writ ref'd n.r.e.); *Great Am. Ins. Co. v. Calli Homes Inc.,* 236 F.Supp.2d 693, 698 (S.D.Tex.2002).

### Application of Law to Facts

■ Therefore, because we hold that there is no duty for Continental to defend GE, likewise there can be no duty to indemnify. Accordingly, we hold that the trial court did not err in granting Continental's motion for summary judgment on the issue of its duty to indemnify GE.

APPELLANT'S REMAINING ISSUES ON APPEAL

### Liberal Interpretation

GE contends that the trial court improperly construed the factual allegations in Doolin's petition against GE, rather than in favor of GE, and ignored other allegations in Doolin's petition that would allow proof at trial that Doolin's injuries were not caused by GE's sole negligence.

 Because the facts alleged in Doolin's pleadings do not suggest even a remote causal relationship between any other persons' or organizations' actions and his injuries, they do not create that degree of doubt which compels resolution of the issue for the insured. *See Heyden Newport Chem. Corp.*, 387 S.W.2d at 26; *Nat'l Union Fire Ins. Co.*, 939 S.W.2d at 142. Furthermore, the duty to defend is not affected by the facts of the case ascertained before, during, or after the suit. *Cullen v. Commonwealth Lloyd's Ins. Co.*, 852 S.W.2d 252, 255 (Tex.App.-Dallas 1993, writ denied). Therefore, we hold that the trial court did not err in its review and interpretation of Doolin's pleadings.

### CONCLUSION

Having overruled Appellant's four issues on appeal, we affirm the trial court's judgment.