COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-04-072-CV

 

 

EUNICE RICHARDSON AND BOBBY                                      APPELLANTS

RICHARDSON,
INDIVIDUALLY, AND

ON
BEHALF OF THE ESTATE OF 

KENT RICHARDSON, DECEASED                                                            

 

                                                   V.

 

STATE FARM LLOYDS INSURANCE                                           APPELLEE

 

 

                                              ------------

 

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








In this insurance coverage
case, Appellants Eunice Richardson and Bobby Richardson, individually and on
behalf of the estate of their deceased son, Kent Richardson (collectively AAppellants@), appeal
from the trial court=s order
granting Appellee State Farm Lloyds Insurance=s (AState Farm@) plea to the jurisdiction.  We
affirm. 

                                          BACKGROUND








Appellants filed suit against
Robert F. Kays (AKays@) and State Farm, Kays= insurer under his condominium insurance policy.  Appellants alleged that Kays killed their son
Kent Richardson by rolling over him with Kays= vehicle,[2]
and that Kays was guilty of three acts of negligence:  not refraining from going to the residence of
Kent and his roommate even after being requested to stay away; stepping onto
the property of Kent and his roommate and dissassembling their security equipment
and removing or stealing the video surveillance camera mounted on their front
porch; and ignoring the pleas of both Kent and his roommate to stay away and
sever the relationship/friendship. 
Appellants alleged that State Farm had denied coverage under Kays= condominium insurance policy, and Appellants sought a declaratory
judgment[3]
that State Farm has a duty to defend or indemnify Kays for Appellants= claims against him.[4]    

State Farm answered by filing
a verified denial and alleging that Appellants failed to satisfy all the
conditions precedent to coverage under the condominium policy.  State Farm=s verified denial quotes the pertinent portion of the policy as
follows:

6.  Suit Against Us.  No action can be brought against us unless
there has been compliance with the policy provisions. 

 

No
one will have the right to join [State Farm] as a party to any action against
an insured.  Also, no action with
respect to Coverage C (Personal Liability) can be brought against [State
Farm] until the obligation of the insured has been determined by
finaljudgment or agreement.  [Emphasis
added.[5]]








State Farm also pled as an
affirmative defense that coverage was excluded because bodily injuries
allegedly sustained by Kent Richardson arose from Kays= ownership, operation of, or use of a motor or engine propelled
vehicle, which coverage was specifically excluded in the condominium policy.
State Farm asserted an additional affirmative defense that the three alleged
acts of negligence by Kays do not come within the definition of Aoccurrence@ as that
term is defined in the policy.[6]








State Farm filed a plea to
the jurisdiction and, in the alternative, a traditional motion for summary
judgment.  In its plea to the
jurisdiction, State Farm alleged that the trial court did not have subject matter
jurisdiction because Appellants have no standing to litigate whether State Farm
has a duty to defend or indemnify Kays under the condominium policy because 1)
Appellants have suffered no injury by State Farm=s decision not to defend Kays, and no relationship exists between
State Farm and Appellants under Kays= policy, and 2) State Farm=s duty to indemnify Kays is not ripe for adjudication because no
judgment has been entered demonstrating Kays is legally liable to Appellants
for bodily injury or damages.[7]

In its motion for summary
judgment, State Farm stated that in the event that the questions of State Farm=s duty to defend or indemnify Kays present a justiciable cause,
summary judgment in favor of State Farm is proper on all of Appellants= claims.  State Farm asserted
that the cause is justiciable only because Appellants= pleadings affirmatively demonstrate that no coverage exists under the
policy because 1) the only Aoccurrence@ causing
bodily injury that is alleged by Appellants is specifically excluded from
liability coverage because it involves usage of a motor vehicle, and 2) the
negligent acts of Kays alleged by Appellants do not constitute an Aaccident@ resulting
in bodily injury within the meaning of the policy.

The trial court considered
the plea to the jurisdiction, the motion for summary judgment and the
responses, and signed an interlocutory order disposing of the issues as
follows:








$      Holding that the allegations in Appellants=
petition are ripe for adjudication because Appellants pled facts demonstrating
that no coverage exists under the policy.

 

$      Granting State Farm=s
plea to the jurisdiction because Appellants          do
not have standing as third parties to the policy.

 

$      Dismissing State Farm=s
motion for summary judgment as moot.

 

$      Dismissing without prejudice Appellants= petition for declaratory           judgment
against State Farm.

The trial court subsequently
signed a final judgment of dismissal reciting that the court Awas of the opinion that it does not have subject matter jurisdiction
over [Appellants=] claims and
causes of action against [State Farm].@  The judgment specifically
reiterated all the above rulings and stated that the trial court dismissed all
claims for want of jurisdiction; the claims were dismissed without prejudice to
refiling of same.[8]

                                     APPELLANTS= ISSUES








In their first issue,
Appellants contend that the trial court incorrectly determined that they have
no standing to establish coverage as third parties to the insurance contract
between State Farm and Kays.  In their second
issue, Appellants claim that the trial court erred by concluding there was no
coverage for Appellants= claims
under the condominium policy.

                                 PLEA TO THE JURISDICTION








A party may contest a trial
court's subject matter jurisdiction by filing a plea to the jurisdiction.  Tex. Dep=t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999).  Whether the trial
court had subject matter jurisdiction is a question of law that we review de
novo.  See Tex. Dep't of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex. Natural
Res. Cons. Comm=n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).  The plaintiff has the burden to plead facts
that affirmatively establish the trial court=s jurisdiction to hear the cause. 
Tex. Ass=n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  A plea to the jurisdiction is a
dilatory plea; its purpose is Ato defeat a cause of action without regard to whether the claims
asserted have merit.@ Bland
ISD v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  The purpose of a dilatory plea is not to
force the plaintiffs to preview their case on the merits but to establish a
reason why the merits of the plaintiffs= claims should never be reached. 
Id.  Although the claims
may form the context in which a plea to the jurisdiction is raised, the plea
should be decided without delving into the merits of the case.  Id. 
Accordingly, in determining whether jurisdiction exists, we construe the
pleadings liberally in favor of the plaintiffs and look to the pleaders= intent.  See Miranda, 133
S.W.3d at 226.  We may also consider evidence
presented to the trial court relevant to jurisdiction when it is necessary to
resolve the jurisdictional dispute.  See
Bland, 34 S.W.3d at 554-55.  If the
pleadings affirmatively negate the existence of jurisdiction, then a plea to
the jurisdiction may be granted without allowing the plaintiff an opportunity
to amend.  County of Cameron v. Brown,
80 S.W.3d 549, 555 (Tex. 2002).

                                  APPELLANTS= PLEADINGS

In their first amended
petition, Appellants alleged as follows:       

Plaintiffs would show the Court that, on January
2, 2001, their son, Kent Richardson while trying to reason with Defendant Kays
regarding his continued harassment of Mr. Richardson and his roommate, Blaise
Parker, approached Defendant Kays= vehicle begging Defendant
Kays to cease with his harassment and stalking of Mr. Parker and Kent
Richardson.  Kent Richardson approached
Mr. Kays=
vehicle stepping around to the front of the vehicle when Mr. Kays began to
allow his vehicle to roll slowly toward Mr. Richardson until knocking him (Mr.
Richardson) down, then rolling over him as he sped off, leaving Mr. Richardson
lying in the street barely alive.

 

. . . .

 

             NEGLIGENCE

 

At the time and on the occasion in question,
Plaintiffs would show the Court that Defendant Kays was guilty of numerous acts
of negligence and each of said acts of negligence was a proximate and/or
producing cause of the damages and injuries to their son, Kent Richardson, as
set forth herein.  Said acts of
negligence include, but are not limited to, the following:

 








1)     Defendant Kays was negligent in not refraining to go to the
residence of Kent Richardson and his roommate, Blaise Parker, even after being
requested to stay away;

 

2)     Defendant Kays was negligent in stepping onto Mr. Richardson and
Mr. Parker=s
property and disassembling their security equipment and removing/stealing the
video surveillance camera mounted on their front porch; and

 

3)     Defendant was negligent in ignoring the pleas of both Mr. Parker
and Mr. Richardson, even after counseling, to stay away and sever the
relationship/friendship.[[9]]

 

 

 








                                 THE CONDOMINIUM POLICY

At the time of the incident,
Kays was insured by State Farm under a  ATexas Homeowners Condominium Policy - Form B,@ which provided, in pertinent part:

SECTION
II LIABILITY COVERAGE

 

Coverage
C (Personal Liability)

 

If a
claim is made or a suit is brought against an insured for damages
because of bodily injury or property damage caused by an occurrence
which this coverage applies, we will:

 

1.     pay up to our limit of liability for the damages for which the insured
is legally liable.

 

In
the Adefinitions@ portion of the policy, Aoccurrence@ is
defined as,

 

6.     AOccurrence@
means an accident, including exposure to conditions, which results in bodily
injury or property damage during the policy period.

 

With
regard to exclusions from coverage, the policy provides, in pertinent part:

 

                                      SECTION
II EXCLUSIONS

 

1.     Coverage C (Personal Liability) and Coverage D (Medical Payments
to Others) do not apply to:

. . . . 

f.      bodily injury or property damage arising out of
the ownership, maintenance, operation, use, loading, or unloading of:

 








(1)    motor or engine propelled vehicles or machines designed for
movement on land, including attached machinery or equipment[.]

 

                             DUTY TO DEFEND OR INDEMNIFY








Whether an insurer of a
liability policy is obligated to defend the insured is a question of law to be
decided by the court.  Transport Int=l Pool, Inc. v. Cont=l Ins. Co., 166 S.W.3d 781, 784 (Tex.
App.CFort Worth 2005, no pet.).  An
insurer=s duty to defend is determined solely by the allegations in the
pleadings and the language of the insurance policy.  Nat=l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc., 939 S.W.2d 139, 141 (Tex. 1997). 
This is sometimes referred to as the eight-corners or
complaint-allegation rule.  GuideOne
Elite Ins. Co. v. Fielder Road Baptist Church, 197 S.W.3d 305, 306-07 (Tex.
2006); King v. Dallas Fire Ins. Co., 85 S.W.3d 185, 187 (Tex.
2002).  The rule takes its name from the
fact that only two documents are ordinarily relevant to the determination of
the duty to defend:  the policy and the
pleadings of the third-party claimant.  GuideOne,
197 S.W.3d at 308.  Under this rule, an
insurer=s duty to defend is determined by the plaintiff=s pleadings, considered in light of the policy provisions, without
regard to the truth or falsity of those allegations.  Id. 
Facts outside the pleadings, even those easily ascertained, are
ordinarily not material to the determination and allegations against the
insured are liberally construed in favor of coverage.  Id. 
We will not read facts into the pleadings, nor will we look outside
the pleadings or imagine factual scenarios that might trigger coverage.  See Nat=l Union Fire Ins. Co., 939 S.W.2d
at 142.  If a petition does not allege
facts within the scope of coverage, an insurer is not legally required to
defend a suit against its insured.  King,
85 S.W.3d at 187.  When
applying the eight-corners rule, we resolve all doubts concerning the duty to
defend in favor of the insured.  See
id.

An insurer=s duty to indemnify is separate and distinct from the insurer=s duty to defend.  Farmers
Tex. County Mut. Ins. Co. v. Griffin, 955 S.W.2d 81, 82 (Tex. 1997).  An insurer may have a duty to defend but,
eventually, no duty to indemnify.  Id.

                                           DISCUSSION

State Farm contends that
Appellants= declaratory
judgment action directly against State Farm is not justiciable prior to an
adjudication of Kays= liability
unless Appellants= petition
established that State Farm would never have a duty to indemnify Kays for Kent
Richardson=s injuries
and death.








In Griffin, the
plaintiff (Griffin) sued Royal, the driver of a vehicle from which gun shots
were fired, injuring Griffin.  Id.  Royal impleaded his automobile insurer,
Farmers, requesting that it defend him under his personal automobile liability
insurance policy.  Id.  Farmers filed a declaratory judgment
action to challenge its duty to defend or indemnify Royal under the policy; the
trial court granted a summary judgment in favor of Farmers.  Id. at 81-82.  The Texas Supreme Court stated that before
determining whether Farmers had a duty to indemnify Griffin, the supreme court
must first address whether this duty is properly justiciable by declaratory
judgment prior to the rendition of a judgment in the underlying tort suit.  Id. at 83.  The court held Athat parties may secure a declaratory judgment on the insurer=s duty to indemnify before the underlying tort suit proceeds to
judgment.@  Id. 
The court stated that in many cases Athe court may appropriately decide the rights of the parties before
judgment is rendered in the underlying tort suit.@  Id. at 84.  Ultimately, the court concluded, 

We now hold that the duty to indemnify is
justiciable before the insured=s liability is determined in
the liability lawsuit when the insurer has no duty to defend and the same
reasons that negate the duty to defend likewise negate any possibility the
insurer will ever have a duty to indemnify.

 

Id.  Ultimately, the court held that Farmers had
no duty to defend Royal because the acts alleged fell within the policy=s exclusions, and, for the same reasons, had no duty to indemnify
Royal.  Id. at 82-84.








The instant case differs
procedurally from Griffin in three respects:  Griffin did not involve a plea to the
jurisdiction; the declaratory judgment action in Griffin was filed by
the insurance company rather than by the alleged claimants under the policy;
and the trial court in Griffin ruled upon the merits of the insurance
company=s motion for summary judgment. 
As noted earlier, the trial court in the case at bar granted State Farm=s plea to the jurisdiction and dismissed all claims for want of
jurisdiction.  Accordingly, the trial
court never ruled upon the merits of State Farm=s motion for summary judgment, which was dismissed as moot.

Joinder

State Farm initially asserts
that there is no statutory authority to permit the joinder of State Farm with
its insured Kays, citing rule 51(b) of the Texas Rules of Civil Procedure:

(b) 
Joinder Of Remedies. 
Whenever a claim is one heretofore cognizable only after another claim
has been prosecuted to a conclusion, the two claims may be joined in a single
action; but the court shall grant relief in that action only in accordance with
the relative substantive rights of the parties. 
This rule shall not be applied in tort cases so as to permit the
joinder of a liability or indemnity insurance company, unless such company is
by statute or contract directly liable to the person injured or damaged.  

 

Tex. R. Civ. P. 51(b) (emphasis added).[10]  













As in Griffin, the
suit between the plaintiff and the insured remains pending in the trial court, see
Griffin, 955 S.W.2d at 83, which severed Appellants= tort action
against Kays from Appellants= declaratory
judgment action against State Farm.  Thus, the instant suit is not a tort suit for
damages against State Farm, it is a declaratory judgment action regarding the
question of whether State Farm is obligated to defend or indemnify Kays in a
suit brought against him by Appellants, third parties to the insurance
contract.  Of particular significance is
the fact that the Griffin court did not address the applicability or
relevance of rule 52 when the court determined that a declaratory judgment
action was an appropriate vehicle for the insurance company to utilize in
seeking a declaration that it was not obligated to defend or indemnify its
insured in a suit brought by a third party. 
See Griffin, 955 S.W.2d at 84. 
Accordingly, following the holding of the Texas Supreme Court in Griffin
that a declaratory judgment action is permissible when brought by an insurance
company against a third party seeking to have the insurance company defend or
indemnify for conduct of its insured, we conclude that a declaratory judgment
action is permissible when brought by a third party seeking to have the
insurance company defend or indemnify for the conduct of its insured.  See id. 

Do
Appellants=
Pleadings Affirmatively Negate The Duty To Defend Or Indemnify?

 








State Farm claims that
Appellants= pleadings
affirmatively establish that  the
coverage was excluded because the bodily injuries sustained by Kent Richardson
arose from Kays= ownership,
operation of, or use of a motor or engine propelled vehicle, which coverage was
specifically excluded in the condominium policy.  If Appellants= pleadings affirmatively negate the existence of jurisdiction, then a
plea to the jurisdiction may be granted without allowing Appellants an
opportunity to amend their pleadings.  See
County of Cameron,  80 S.W.3d at
555.

Appellants= pleadings, which we have quoted previously, allege that the injuries
sustained by Kent Richardson were the result of Kays driving over Richardson
with Kays= motor
vehicle.  State Farm=s policy specifically excludes from coverage any bodily injury arising
out of the ownership, maintenance, operation, use, loading, or unloading of
motor or engine propelled vehicles or machines designed for movement on land,
including attached machinery or equipment. 
Additionally, the three acts of negligence alleged by Appellants[11]
all involve intentional acts on the part of Kays and cannot be construed to be Aaccidents@ so as to be
included within the definition of Aoccurrence@ enumerated
in the policy. 








When we consider Appellants= pleadings in light of State Farm=s policy provisions, without regard to the truth or falsity of
Appellants=
allegations, we conclude that the actions alleged by Appellants are excluded by
the condominium policy that State Farm has with Kays either because the
injuries were caused by a motor vehicle or because the intentional acts of Kays
do not constitute an occurrence for which coverage applies under the
policy.  Accordingly, the pleadings
establish that State Farm will never have a duty to defend or indemnify Kays
for the injuries resulting from his use of a motor vehicle to injure Kent Richardson.  Because Appellants= pleadings affirmatively negate the existence of jurisdiction, the
trial court correctly granted State Farm=s plea to the jurisdiction and dismissed Appellants= suit.  We overrule Appellants= two issues.

               STATE FARM=S REQUEST TO MODIFY THE JUDGMENT 








State Farm=s brief concludes with a statement that the trial court correctly
determined that the case was ripe for adjudication, and that because this issue
was justiciable the trial court should have granted State Farm=s motion for summary judgment, rather than dismiss it as moot.  Accordingly, State Farm requests that this
court Areform the trial court=s Judgment to reflect that State Farm Lloyds does not have a duty to
defend or indemnify Kays for the injuries resulting from this incident,@ citing rule of appellate procedure 43.2(c).[12]  Basically, State Farm is requesting that we
render a summary judgment in its favor.

The trial court did not rule
upon the merits of State Farm=s motion for summary judgment; the trial court dismissed the motion as
moot.  State Farm has not filed a
cross-appeal complaining of errors in the trial court=s judgment.  See Tex. R. App. P. 25.1(c) (stating that AA party who seeks to alter the trial court=s judgment or other appealable order must file a notice of appeal. . .
. The appellate court may not grant a party who does not file a notice of
appeal more favorable relief than did the trial court except for just cause.@).[13]  Accordingly, we deny State Farm=s request that we modify the trial court=s judgment so as to render summary judgment in favor of State Farm.

 

 

 

 

 








                                           CONCLUSION

Having overruled both of
Appellants= issues, we
affirm the judgment of the trial court.

 

DIXON W. HOLMAN

JUSTICE

 

 

PANEL
B:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

 

GARDNER,
J. concurs without opinion.

 

DELIVERED:  April 5, 2007

 











[1]See Tex.
R. App. P. 47.4.





[2]Kays pled guilty to criminally
negligent homicide.





[3]See Tex.
Civ. Prac. & Rem. Code Ann. ' 37.004 (Vernon 1997) (AA person interested under a written contract . . . or whose
rights, status, or other legal relations are affected by a ... contract . . .
may have determined any question of construction or validity arising under the
. . . contract . . . and obtain a declaration of rights thereunder.@) 





[4]The trial court subsequently
severed Appellants= claims against Kays from those
against State Farm.





[5]The emphasized language is taken
directly from State Farm=s verified denial.  However, the emphasized language does not
appear in the copies of the insurance policy contained in the appellate
record.  The complete insurance policy is
found in two separate places in the clerk=s record on appeal. Unfortunately, the top line of several
pages in the policy is missing from each copy in the clerk=s record.  This court requested that the trial court
file a supplemental record with another copy of the insurance policy; the copy
in the supplemental record is also missing the top line of several pages.  The trial court clerk has now confirmed that
the copy of the policy in the appellate record is identical to that contained
in the clerk=s fileC i.e., it is missing the same top
line on various pages of the policy.

Nonetheless, there does
not appear to be any disagreement between Appellants and State Farm regarding
the exact language of this portion of the policy; rather, the parties disagree
about the construction and application of the policy.  Accordingly, under these circumstances we
will accept the emphasized language as an accurate depiction of the contents of
the policy.





[6]A>Occurrence= means an accident, including
exposure to conditions, which results in bodily injury or property
damage during the policy period.@





[7]State Farm attached a ACompromise Settlement Release And
Indemnity Agreement@ whereby Appellants released all
claims against Kays and State Farm under Kays= automobile insurance policy
with State Farm.  The release specifically
excludes any claims arising under Kays= condominium insurance policy with State Farm.





[8]The only rulings in the final
judgment that were not included in the prior interlocutory order (other than
the express finding that the court did not have subject matter jurisdiction)
were that the court granted Appellants= motion for severance, assessed all costs against
Appellants, and added a clause indicating that the judgment disposed of all
claims and parties before the court and is intended to be a final, appealable
judgment.





[9]In
their subsequent response to State Farm=s plea to the jurisdiction
and motion for summary judgment, Appellants recite that Kent Richardson and
Kays were formerly romantically involved, that Kent ended the relationship with
Kays who repeatedly attempted to go to Kent=s house even after Kent had
moved in with another person, and that this forced Kent to obtain a restraining
order against Kays.

Although
Appellants=
response states that these allegations are specified in their first amended
original petition, a review of that document fails to reveal the existence of
such allegations.  Accordingly, because
this information, including whether there existed a restraining order, is not
contained in Appellants=
first amended original petition, we do not consider it in our review of whether
the trial court correctly granted State Farm=s plea to the
jurisdiction.  See Heyden Newport
Chem. Corp. v. Southern Gen. Ins. Co., 387 S.W.2d 22, 24 (Tex. 1965)
(holding that Ain
determining the duty of a liability insurance company to defend a lawsuit the
allegations of the complainant should be considered in the light of the policy
provisions without reference to the truth or falsity of such allegations and
without reference to what the parties know or believe the true facts to be@).

 





[10]State
Farm also notes that the Texas legislature in 2003 failed to act upon House
Bill No. 119 that would have amended the Texas Insurance Code to make it
possible for a third party to directly sue a defendant=s
insurance company:

 

A
BILL TO BE ENTITLED AN ACT relating to insurers as proper parties to certain
actions for damages.

BE IT
ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION
1.  Subchapter E, Chapter 21, Insurance
Code, is amended by adding Section 21.56A to read as follows:

Section
21.56A.  INSURER AS PROPER PARTY.  In a suit for recovery of damages in which a
defendant in the suit is an insured under a policy of liability insurance that
may provide coverage for the damages, the insurer who issued the policy,
including a county mutual insurance company, Lloyd=s
plan, surplus lines insurer, or reciprocal or interinsurance exchange, is a
proper party to the suit. 

 

Tex.
H. B. 119, 78th Leg., R. S. (2003).  Also
located at: http://ww
w.capitol.state.tx.us/tlodocs/78R/billtext/doc/HB00119I.doc (last visited Apr.
3, 2007).  This bill was introduced but
never voted on by the legislature as a body or by any committee.  However, failure to report a bill from committee
or inaction by the legislature does not conclusively establish legislative
intent.  El Chico Corp. v. Poole,
732 S.W.2d 306, 314 (Tex. 1987).  The
supreme court held that while failure to enact a bill may arguably be some
evidence of intent, other reasons are equably inferrable.  Id. 
ALack
of time for consideration, opposition by a particular member or committee
chair, efforts of special interest groups, or any other unidentified extraneous
factor may, standing alone or combined together, act to defeat a legislative
proposal regardless of the legislature=s collective view of the bill=s
merits.@  Id.





[11]These acts were:  not refraining from going to the residence of
Kent Richardson and his roommate even after being requested to stay away;
stepping onto the property of Kent and his roommate and dissassembling their
security equipment and removing or stealing the video surveillance camera
mounted on their front porch; and ignoring the pleas of both Kent and his
roommate to stay away and sever the relationship/friendship.





[12]See Tex. R. App. P. 43.2(c) (AThe
court of appeals may: . . . (c) reverse the trial court=s
judgment in whole or in part and render the judgment that the trial court
should have rendered.@).





[13]State
Farm does not address whether Ajust cause@
exists for us to modify the trial court=s judgment absent State Farm=s
failure to file a notice of appeal.