# HEYDEN NEWPORT CHEMICAL CORPORATION, NEWPORT INDUSTRIES DIVISION

v.

# SOUTHERN GENERAL INSURANCE COMPANY.

No. 6670.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 27, 1964.

Rehearing Denied March 25, 1964.

**822**

Barnes & Barnes, Beaumont, for appellant.

John H. Benckenstein, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit to recover the cost of defending a prior suit. In the prior suit Heyden Newport Chemical Corporation, Newport Industries Division, hereinafter referred to as "Newport Industries" was named as a defendant in an action brought to recover damages for the death of Sam Traylor. Raymond Pickering, also named as a defendant in such prior suit, carried an automobile liability insurance policy with the Southern General Insurance Company, hereinafter referred to as "Southern General". Newport Industries demanded that Southern General furnish it a defense in such prior suit claiming to be an additional insured under the omnibus provision of the policy covering Pickering. Southern General furnished Pickering a defense but refused to defend Newport Industries. Newport Industries had a policy of insurance with The Insurance Company of North America, who furnished this defense and joined Newport Industries in the present suit as a plaintiff. A jury being waived, the trial court granted judgment for Southern General.

The allegations in the prior suit were in part as follows:

"II.

"Defendant, Newport Industries, is a turpentine refining business along with other related items. The raw materials from which said turpentine and other items are refined are old pine stumps that are full of resin and are sometimes referred to as 'rich' and 'litered' stumps. The principal source or supply of said raw materials or stumps is from the pine woods of Louisiana and East Texas. The stumps are purchased from lumber companies, dynamited and removed from the ground with bulldozers, loaded by men onto trucks, and hauled to Newport Industries by means of trucks. *At all material times herein, Defendant, Raymond Pickering was an agent for Newport Industries,* and his job was to purchase said stumps in the field, and get the said stumps to Newport Industries at Oakdale, Louisiana. Defendant Raymond Pickering was the owner of many trucks, which were used to haul said stumps and had employees to load and haul said stumps. Defendant Arthur Marks job was to drive a truck into the forest, load it with stumps, and haul the stumps to Newport Industries in Oakdale, Louisiana.

\*     \*     \*     \*     \*     \*

"IV.

"Heretofore, to-wit: On or about the 16th day of February, 1961, at about 6:30 A.M., Sam Traylor, a husband and father of plaintiffs was wrongfully killed when a motor vehicle driven by defendant Arthur Marks, *who was then and there in the course of his employment with defendant Raymond Pickering,* collided with his pick-up truck on Highway #63, approximately Seven (7) miles east of Jasper, Texas. The said collision, made the basis of this suit, was brought about by one or more of the negligent acts on the part of the said Arthur Marks as hereinafter set out with particularity * * * *At the time of said collision made the basis of this suit, the driver of the vehicle, Arthur Marks, was within the scope of his employment with defendant Raymond Pickering, and at the time of said collision under the exclusive direction of defendant Raymond Pickering.*"

The policy of insurance contained the following provisions:

"II. *Defense, Settlement, Supplementary Payments*: With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent;"

"III. *Definition of Insured*: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

Newport Industries and The Insurance Company of North America contend Southern General is legally responsible for the cost of defending the prior suit because of the allegations contained in the petition filed in such prior suit. It is urged that the allegations in such prior petition, and the terms of the insurance policy are the only factors to be considered in determining this question of liability. Newport Industries and The Insurance Company of North America rely upon the line of cases cited in Maryland Casualty Co. v. Moritz, Tex.Civ. App., 138 S.W.2d 1095, and Travelers Ins. Co. v. Newsom, Tex.Civ.App., 352 S.W.2d 888, to sustain this position.

Southern General contends a court must look further than just the pleadings and determine whether the known facts are different from the alleged facts. Southern General relies upon Massachusetts Bonding & Ins. Co. v. Roessler, Tex.Civ.App., 112 S.W.2d 275, and Trinity Universal Ins. Co. v. Bethancourt, Tex.Civ.App., 331 S.W.2d 943, to sustain its position. It is argued that neither the Moritz Case, supra, nor the Newsom Case, supra, are cases, in which the known facts are different from the alleged facts. It is further argued that inasmuch as both Newport Industries and Southern General knew that Pickering was not acting as the agent for Newport Industries at the time of the collision, and therefore knew Newport Industries was not legally responsible for the use of the truck, that this was the determining factor as to whether Newport Industries should be defended by Southern General. We do not find it necessary to pass upon the question as to whether or not a trial court may look further than the pleadings in order to determine whether or not an insurance company must defend a *named insured,* in order to dispose of this case.

■ The terms of the Pickering Insurance Policy provide that the additional assured must be *legally responsible* for the use of the automobile. This policy does not say the additional insured shall be anyone *alleged* to be responsible for the use of the automobile, but specifically places it upon *legal responsibility*. Both Newport Industries and Southern General knew there was no legal responsibility on the part of Newport Industries and therefore that Newport Industries was not an additional insured.

Southern General owed Newport Industries a duty to defend them if Newport Industries was "legally responsible" for the use of the automobile. The trial court in this case found that Newport Industries judicially admitted it was not "legally responsible" for the use of the automobile, and the trial court in the prior suit, in effect, sustained this position by an order of dismissal with prejudice.

■ Despite the apparent conflict in the cases cited above, we hold the Moritz and Newsom cases have no application to the facts existing in this present case. It is pointed out that in each of these cases, the person sued was the named insured, and the question of the omnibus provision was not involved. To qualify as an additional assured under an omnibus clause of an insurance policy containing a provision that the person sued must be legally responsible for the use of the automobile involved, the court must look further than the allegations in the petition filed, and must actually determine the question of legal responsibility. This is true because it is in accordance with the actual terms of the insurance policy itself.

Judgment affirmed.