HEYDEN NEWPORT CHEMICAL CORPO-
RATION et al., Petitioners,

v.

SOUTHERN GENERAL INSURANCE
COMPANY, Respondent.

No. A–10141.

Supreme Court of Texas.

Jan. 27, 1965.

Rehearing Denied March 10, 1965.

Barnes & Barnes, Beaumont, for petitioners.

John H. Benckenstein, Beaumont, for respondent.

HAMILTON, Justice.

This is a suit between petitioners, Heyden Newport Chemical Corporation and its insurer, The Insurance Company of North America, against Southern General Insurance Company, the respondent, to recover the cost of defending a prior suit under the omnibus clause of Southern General's policy. In the prior suit Heyden Newport Chemical Corporation, Newport Industries Division, hereinafter referred to as "Newport Industries", was named as a defendant along with Raymond Pickering and Arthur Marks in an action brought to recover damages for the death of Sam Traylor. The defendant, Raymond Pickering, carried an automobile liability insurance policy with the Southern General Insurance Company, hereinafter referred to as "Southern General". Newport Industries demanded that Southern General furnish it a defense in such prior suit, claiming to be an additional insured under the omnibus provision of the policy covering Pickering. Southern General furnished Pickering and Marks a defense but refused to defend Newport Industries. Newport Industries had a policy of insurance with The Insurance Company of North America, who furnished this defense and joined Newport Industries in the present suit as a plaintiff. A jury being waived, the trial court after hearing evidence granted judgment for Southern General. The Court of Civil Appeals has affirmed. 376 S.W.2d 821. We reverse the judgments of the Court of Civil Appeals and the trial court and remand with instructions.

The allegations in the prior suit were in part as follows:

"II

"Defendant, Newport Industries, is a turpentine refining business along with other related items. The raw materials from which said turpentine and other items are refined are old pine stumps that are full of resin and are sometimes referred to as 'rich' and 'litered' stumps. The principal source or supply of said raw materials or stumps is from the pine woods of Louisiana and East Texas. The stumps are purchased from lumber companies, dynamited and removed from the ground with bulldozers, loaded by men onto trucks, and hauled to Newport Industries by means of trucks. At all material times herein, Defendant, Raymond Pickering was an agent for Newport Industries, and his job was to purchase said stumps in the field, and get the said stumps to Newport Industries at Oakdale, Louisiana. Defendant Raymond Pickering was the owner of many trucks, which were used to haul said stumps and had employees to load and haul said stumps. Defendant Arthur Marks job was to drive a truck into the forest, load it with stumps, and haul the stumps to Newport Industries in Oakdale, Louisiana.

\*     \*     \*     \*     \*     \*

"IV.

"Heretofore, to-wit: On or about the 16th day of February, 1961, at about 6:30 A.M., Sam Traylor, a husband and father of plaintiffs was wrongfully killed when a motor vehicle driven by defendant Arthur Marks, who was then and there in the course of his employment with defendant Raymond Pickering, collided with his pickup truck on Highway #63, approximately Seven (7) miles east of Jasper, Texas. The said collision, made the basis of this suit, was brought about by one or more of the negligent acts on the part of the said Arthur Marks

as hereinafter set out with particularity * * * At the time of said collision made the basis of this suit, the driver of the vehicle, Arthur Marks, was within the scope of his employment with defendant Raymond Pickering, and at the time of said collision under the exclusive direction of defendant Raymond Pickering."

The policy of insurance contained the following provisions:

"I. COVERAGE A—BODILY INJURY LIABILITY: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile. * * *

"II. DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS: With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *

"III. DEFINITION OF INSURED: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * * "

The petitioners contend that Newport Industries was entitled to be defended under respondent's policy by reason of the fact that the allegations in the prior suit say in effect that Pickering was an agent of Newport Industries at all material times, and that therefore Newport Industries was legally responsible for the use of the automobile involved in the collision causing the death of Sam Traylor. After the allegations were made Newport Industries advised the respondent, Pickering's insurer, that Pickering was not in fact an agent of Newport Industries at any relevant time. It was on the sole ground that Pickering was not an agent of Newport Industries and therefore the latter was not legally responsible for the use of the automobile at the time of the collision that Southern General refused to defend the lawsuit against Newport Industries. It contends that no duty to defend the lawsuit arose under the policy until a legal determination had been made and that the one demanding a defense be shown to be legally responsible for the use of the automobile in question.

In upholding the contention of respondent the Court of Civil Appeals has held in effect that in determining liability under the defense clause of the policy the court must look further than the terms of the policy and allegations of the suit against petitioner. It must actually determine the question of legal responsibility. We do not agree.

We think that in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be, or without reference to a legal determination thereof. By refusing a writ outright this court has determined this to be so in Maryland Casualty Co. v. Moritz, 138

S.W.2d 1095, Tex.Civ.App., 1940, wherein the Court of Civil Appeals held that:

"In the instant case, the issue involved depends not upon ultimate liability, established after trial on the merits, of the insurer for the damages sustained; but upon the provision of the policy wherein the insurer bound itself to defend any suit against the insured alleging damages within the terms of the policy even though such suit may have been groundless, false or fraudulent. In such instance, in testing the liability of the insurer to defend, the proof is not material. Liability depends upon the allegations of the plaintiff's petition. * * *

"As above stated, we are not here concerned with what the proof showed upon the trial of that damage suit. The issue of appellant's liability to pay whatever judgment was rendered, and whether such judgment came within the terms of coverages A and B of its policy, is not the question here presented. The only issue before us is whether the allegations above quoted, if taken as true, were sufficient to state a cause of action against Moritz coming within the terms of the policy. If so, it was the duty of appellant, under its policy, to defend the suit. We construe these allegations as broad enough to do so; and think that the trial court properly so held. The judgment will therefore be affirmed."

The case of Travelers Insurance Company v. Newsom, 352 S.W.2d 888, Tex.Civ. App., 1962, refused n. r. e., follows the Moritz case and reviews a number of out of state authorities which agree with the holding in the Moritz case. The Court of Civil Appeals takes cognizance of these two cases, but seeks to distinguish them from its holding on the ground that in those cases the named insureds were seeking relief, whereas here it is a party claiming to be covered as an additional insured. We cannot see that the policy makes any distinction between the named insured and the additional insured under the omnibus clause.

Paragraph I of the policy set out in part above describes the contingencies of liability covered by the policy. Paragraph III describes and defines who are insured with respect to the coverage described in Paragraph I. The insurer does not pay because one is alleged to be legally responsible but because one has been adjudicated to be legally responsible. The coverage in Paragraph II is entirely different from the coverage in Paragraph I. No legal determination of ultimate liability is required before the insurer becomes obligated to defend the suit. That paragraph has reference to a suit seeking to recover damages that are covered in Paragraph I. It starts off "With respect to such insurance [coverage under Paragraph I] as is afforded by this policy * * * the company shall: (a) defend any suit against the insured * * *." The word "insured" used here means the same parties that are covered in Paragraph I because this paragraph is speaking with respect to that coverage.

The coverage in Paragraph II does not depend on what the facts are or what might finally be determined to be the facts. It depends only on what the facts are alleged to be. To put it simply, Paragraph I protects all parties described in Paragraph III from payment of damages they may be found legally obligated to pay under Paragraph I. Paragraph II protects the same parties against the expense of any suit seeking damages under Paragraph I.

Respondent says that even if the Court of Civil Appeals be wrong in holding the Moritz case is not controlling here, the trial court's judgment should be affirmed on other grounds not passed on by the Court of Civil Appeals. It is contended that the plaintiff's petition in the prior suit did not allege a cause of action against Newport Industries in that it did not specifically say that Pickering, the alleged agent of Newport Industries, was using or owned the truck involved or that at the place and time

of the collision Pickering or his alleged employee Arthur Marks was in the course of his employment or agency with Newport Industries. Further, the petition did not allege facts which could make Newport Industries legally responsible for the use of the truck in question.

We have set out above in full Paragraphs II and IV of said plaintiff's petition in the prior suit which contain the pertinent pleadings in question. While they are not as complete as they should be, they do allege that Pickering was at all material times an agent of Newport Industries and his job was to procure and get pine stumps to Newport's place of business; for this purpose he had many trucks and had employees to load and haul said stumps to Newport Industries; Arthur Marks was such an employee and at the time and place of the fatal collision he was driving a truck in the course of his employment for Pickering. We think these pleadings are sufficient to permit proof on a trial that Marks was hauling stumps to Newport Industries in a truck belonging to Pickering at the time of the collision. Since this is the very work Pickering was to do for Newport, we think such alleged facts are sufficient to support a holding that Newport was responsible for the use of the truck involved and would be an additional insured under the omnibus clause.

While we have said above that the court is limited to a consideration of the allegations and the insurance policy in determining an insurer's duty to defend, we wish to point out that in considering such allegations a liberal interpretation of their meaning should be indulged. It is stated in the comprehensive annotation in 50 A.L.R.2d 458, at 504:

"Where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy. Stated differently, in case of doubt as to whether or not the allegations of a complaint against the insured state a cause of action within the coverage of a liability policy sufficient to compel the insurer to defend the action, such doubt will be resolved in insured's favor."

Respondent contends further that respondent is not liable in any event because the trial court found that the truck involved was not covered by the policy of insurance here sued on. It is true the trial court made such finding, but it was made in the face of an admission by respondent in reply to requests for admissions under Rule 169, Texas Rules Civ.Proc., that the truck in question was covered by its policy on Pickering. Such finding does not have support in the evidence and will not support the judgment.

The policy introduced in evidence by both petitioner and respondent was a Southern General policy insuring Raymond Pickering at all material times on some 98 trucks and other automobiles. Although no witness testified specifically that this was the policy in question, under all the facts and circumstances we think reasonable minds could not differ as to the conclusion that it was the same policy.

Other cross points raised by respondent do not merit discussion and we overrule them.

We reverse the judgment of the Court of Civil Appeals and the trial court and remand the cause to the trial court for entry of judgment in accordance with this opinion.