RICHARDSON V. KAYS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-072-CV

EUNICE RICHARDSON AND BOBBY APPELLANTS

RICHARDSON, INDIVIDUALLY, AND

ON BEHALF OF THE ESTATE OF 

KENT RICHARDSON, DECEASED 

V.

STATE FARM LLOYDS INSURANCE APPELLEE

------------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this insurance coverage case, Appellants Eunice Richardson and Bobby Richardson, individually and on behalf of the estate of their deceased son, Kent Richardson (collectively “Appellants”), appeal from the trial court’s order granting Appellee State Farm Lloyds Insurance’s (“State Farm”) plea to the jurisdiction.  We affirm. 

BACKGROUND

Appellants filed suit against Robert F. Kays (“Kays”) and State Farm, Kays’ insurer under his condominium insurance policy.  Appellants alleged that Kays killed their son Kent Richardson by rolling over him with Kays’ vehicle,
(footnote: 2) and that Kays was guilty of three acts of negligence:  not refraining from going to the residence of Kent and his roommate even after being requested to stay away; stepping onto the property of Kent and his roommate and dissassembling their security equipment and removing or stealing the video surveillance camera mounted on their front porch; and ignoring the pleas of both Kent and his roommate to stay away and sever the relationship/friendship.  Appellants alleged that State Farm had denied coverage under Kays’ condominium insurance policy, and Appellants sought a declaratory judgment
(footnote: 3) that State Farm has a duty to defend or indemnify Kays for Appellants’ claims against him.
(footnote: 4) 

State Farm answered by filing a verified denial and alleging that Appellants failed to satisfy all the conditions precedent to coverage under the condominium policy.  State Farm’s verified denial quotes the pertinent portion of the policy as follows:

6.  Suit Against Us.  No action can be brought against us unless there has been compliance with the policy provisions. 

No one will have the right to join [State Farm] as a party to any action against an 
insured
.  Also, no action with respect to Coverage C (Personal Liability) can be 
brought against [State Farm] until the obligation of the insured
 has been determined by finaljudgment or agreement.  [Emphasis added.
(footnote: 5)]

State Farm also pled as an affirmative defense that coverage was excluded because bodily injuries allegedly sustained by Kent Richardson arose from Kays’ ownership, operation of, or use of a motor or engine propelled vehicle, which coverage was specifically excluded in the condominium policy. State Farm asserted an additional affirmative defense that the three alleged acts of negligence by Kays do not come within the definition of “occurrence” as that term is defined in the policy.
(footnote: 6)
 State Farm filed a plea to the jurisdiction and, in the alternative, a traditional motion for summary judgment.  In its plea to the jurisdiction, State Farm alleged that the trial court did not have subject matter jurisdiction because Appellants have no standing to litigate whether State Farm has a duty to defend or indemnify Kays under the condominium policy because 1) Appellants have suffered no injury by State Farm’s decision not to defend Kays, and no relationship exists between State Farm and Appellants under Kays’ policy, and 2) State Farm’s duty to indemnify Kays is not ripe for adjudication because no judgment has been entered demonstrating Kays is legally liable to Appellants for bodily injury or damages.
(footnote: 7)
 In its motion for summary judgment, State Farm stated that in the event that the questions of State Farm’s duty to defend or indemnify Kays present a justiciable cause, summary judgment in favor of State Farm is proper on all of Appellants’ claims.  State Farm asserted that the cause is justiciable only because Appellants’ pleadings affirmatively demonstrate that no coverage exists under the policy because 1) the only “occurrence” causing bodily injury that is alleged by Appellants is specifically excluded from liability coverage because it involves usage of a motor vehicle, and 2) the negligent acts of Kays alleged by Appellants do not constitute an “accident” resulting in bodily injury within the meaning of the policy.

The trial court considered the plea to the jurisdiction, the motion for summary judgment and the responses, and signed an interlocutory order disposing of the issues as follows:

• Holding that the allegations in Appellants’ petition are ripe for adjudication because Appellants pled facts demonstrating that no coverage exists under the policy.

• Granting State Farm’s plea to the jurisdiction because Appellants do not have standing as third parties to the policy.

• Dismissing State Farm’s motion for summary judgment as moot.

• Dismissing without prejudice Appellants’ petition for declaratory judgment against State Farm.

The trial court subsequently signed a final judgment of dismissal reciting that the court “was of the opinion that it does not have subject matter jurisdiction over [Appellants’] claims and causes of action against [State Farm].”  The judgment specifically reiterated all the above rulings and stated that the trial court dismissed all claims for want of jurisdiction; the claims were dismissed without prejudice to refiling of same.
(footnote: 8)
APPELLANTS’ ISSUES

In their first issue, Appellants contend that the trial court incorrectly determined that they have no standing to establish coverage as third parties to the insurance contract between State Farm and Kays.  In their second issue, Appellants claim that the trial court erred by concluding there was no coverage for Appellants’ claims under the condominium policy.

PLEA TO THE JURISDICTION

A party may contest a trial court's subject matter jurisdiction by filing a plea to the jurisdiction.  
Tex. Dep’t of Transp
.
 v. Jones
, 8 S.W.3d 636, 638 (Tex. 1999).  Whether the trial court had subject matter jurisdiction is a question of law that we review 
de novo
.  
See Tex. Dep't of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 226 (Tex. 2004); 
Tex. Natural Res. Cons. Comm’n
 
v. IT-Davy
,
 74 S.W.3d 849, 855 (Tex. 2002).  The plaintiff has the burden to plead facts that affirmatively establish the trial court’s jurisdiction to hear the cause.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993).  
A plea to the jurisdiction is a dilatory plea; its purpose is “to defeat a cause of action without regard to whether the claims asserted have merit.”
 
Bland ISD v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000). 
 The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs’ claims should never be reached.  
Id.
  Although the claims may form the context in which a plea to the jurisdiction is raised, the plea should be decided without delving into the merits of the case.  
Id.
  Accordingly, in determining whether jurisdiction exists, we construe the pleadings liberally in favor of the plaintiffs and look to the pleaders’ intent.  
See Miranda, 
133 S.W.3d at 226.  We may also consider evidence presented to the trial court relevant to jurisdiction when it is necessary to resolve the jurisdictional dispute.  
See Bland
, 34 S.W.3d at 554-55.  If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend.  
County of Cameron v. Brown
, 80 S.W.3d 549, 555 (Tex. 2002).

APPELLANTS’ PLEADINGS

In their first amended petition, Appellants alleged as follows: 

Plaintiffs would show the Court that, on January 2, 2001, their son, Kent Richardson while trying to reason with Defendant Kays regarding his continued harassment of Mr. Richardson and his roommate, Blaise Parker, approached Defendant Kays’ vehicle begging Defendant Kays to cease with his harassment and stalking of Mr. Parker and Kent Richardson.  Kent Richardson approached Mr. Kays’ vehicle stepping around to the front of the vehicle when Mr. Kays began to allow his vehicle to roll slowly toward Mr. Richardson until knocking him (Mr. Richardson) down, then rolling over him as he sped off, leaving Mr. Richardson lying in the street barely alive.

. . . .

NEGLIGENCE

At the time and on the occasion in question, Plaintiffs would show the Court that Defendant Kays was guilty of numerous acts of negligence and each of said acts of negligence was a proximate and/or producing cause of the damages and injuries to their son, Kent Richardson, as set forth herein.  Said acts of negligence include, but are not limited to, the following:

1) Defendant Kays was negligent in not refraining to go to the residence of Kent Richardson and his roommate, Blaise Parker, even after being requested to stay away;

2) Defendant Kays was negligent in stepping onto Mr. Richardson and Mr. Parker’s property and disassembling their security equipment and removing/stealing the video surveillance camera mounted on their front porch; and

3) Defendant was negligent in ignoring the pleas of both Mr. Parker and Mr. Richardson, even after counseling, to stay away and sever the relationship/friendship.[
(footnote: 9)]

THE CONDOMINIUM POLICY

At the time of the incident, Kays was insured by State Farm under a  “Texas Homeowners Condominium Policy - Form B,” which provided, in pertinent part:

SECTION II LIABILITY COVERAGE

Coverage C (Personal Liability)

If a claim is made or a suit is brought against an 
insured
 for damages because of bodily injury or property damage caused by an 
occurrence
 which this coverage applies, we will:

1. pay up to our limit of liability for the damages for which the 
insured
 is legally liable.

In the “
definitions
” portion of the policy, “occurrence” is defined as,

6. “
Occurrence
” means an accident, including exposure to conditions, which results in 
bodily injury
 or 
property damage
 during the policy period.

With regard to exclusions from coverage, the policy provides, in pertinent part:

SECTION II EXCLUSIONS

1. Coverage C (Personal Liability) and Coverage D (Medical Payments to Others) do not apply to:

. . . . 

f. 
bodily injury
 or 
property damage
 arising out of the ownership, maintenance, operation, use, loading, or unloading of:

(1) motor or engine propelled vehicles or machines designed for movement on land, including attached machinery or equipment[.]

DUTY TO DEFEND OR INDEMNIFY

Whether an insurer of a liability policy is obligated to defend the insured is a question of law to be decided by the court. 
 Transport Int’l Pool, Inc. v. Cont’l Ins. Co.
, 166 S.W.3d 781, 784 (Tex. App.—Fort Worth 2005, no pet.).  An insurer’s duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy.  
Nat’l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc., 
939 S.W.2d 139, 141 (Tex. 1997).
  This is sometimes referred to as the eight-corners or complaint-allegation rule.  
GuideOne Elite Ins. Co. v. Fielder Road Baptist Church
, 197 S.W.3d 305, 306-07 (Tex. 2006);
 
King v. Dallas Fire
 
Ins. Co.
, 85 S.W.3d 185, 187 (Tex. 2002).  The rule takes its name from the fact that only two documents are ordinarily relevant to the determination of the duty to defend:  the policy and the pleadings of the third-party claimant.  
GuideOne
, 197 S.W.3d at 308. 
 Under this rule, an insurer’s duty to defend is determined by the plaintiff’s pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations.  
Id.
  Facts outside the pleadings, even those easily ascertained, are ordinarily not material to the determination and allegations against the insured are liberally construed in favor of coverage.  
Id.  
We will not read facts into the pleadings, nor will we look outside the pleadings or imagine factual scenarios that might trigger coverage.  
See Nat’l Union Fire Ins. Co.
, 939 S.W.2d at 142.  If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured.  
King, 
85 S.W.3d at 187
.  
When applying the eight-corners rule, we resolve all doubts concerning the duty to defend in favor of the insured.  
See id.

An insurer’s duty to indemnify is separate and distinct from the insurer’s duty to defend.  
Farmers Tex. County Mut. Ins. Co. v. Griffin
, 955 S.W.2d 81, 82 (Tex. 1997).  An insurer may have a duty to defend but, eventually, no duty to indemnify.  
Id.

DISCUSSION

State Farm contends that Appellants’ declaratory judgment action directly against State Farm is not justiciable prior to an adjudication of Kays’ liability unless Appellants’ petition established that State Farm would never have a duty to indemnify Kays for Kent Richardson’s injuries and death.

In 
Griffin
, the plaintiff (Griffin) sued Royal, the driver of a vehicle from which gun shots were fired, injuring Griffin.  
Id.
  Royal impleaded his automobile insurer, Farmers, requesting that it defend him under his personal automobile liability insurance policy.  
Id.  
Farmers filed a declaratory judgment action to challenge its duty to defend or indemnify Royal under the policy; the trial court granted a summary judgment in favor of Farmers.  
Id. 
at 81-82.  The Texas Supreme Court stated that before determining whether Farmers had a duty to indemnify Griffin, the supreme court must first address whether this duty is properly justiciable by declaratory judgment prior to the rendition of a judgment in the underlying tort suit.  
Id.
 at 83.  The court held “that parties may secure a declaratory judgment on the insurer’s duty to indemnify before the underlying tort suit proceeds to judgment.”  
Id.
  The court stated that in many cases “the court may appropriately decide the rights of the parties before judgment is rendered in the underlying tort suit.”  
Id.
 at 84.  Ultimately, the court concluded, 

We now hold that the duty to indemnify is justiciable before the insured’s liability is determined in the liability lawsuit when the insurer has no duty to defend 
and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify
.

Id.
  Ultimately, the court held that Farmers had no duty to defend Royal because the acts alleged fell within the policy’s exclusions, and, for the same reasons, had no duty to indemnify Royal.  
Id.
 at 82-84.

The instant case differs procedurally from 
Griffin
 in three respects:  
Griffin 
did not involve a plea to the jurisdiction; the declaratory judgment action in 
Griffin
 was filed by the insurance company rather than by the alleged claimants under the policy; and the trial court in 
Griffin 
ruled upon the merits of the insurance company’s motion for summary judgment.  As noted earlier, the trial court in the case at bar granted State Farm’s plea to the jurisdiction and dismissed all claims for want of jurisdiction.  Accordingly, the trial court never ruled upon the merits of State Farm’s motion for summary judgment, which was dismissed as moot.

Joinder

State Farm initially asserts that there is no statutory authority to permit the joinder of State Farm with its insured Kays, citing rule 51(b) of the Texas Rules of Civil Procedure:

(b)  Joinder Of Remedies.
  Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties.  
This rule shall not be applied in tort cases so as to permit the joinder of a liability or indemnity insurance company, unless such company is by statute or contract directly liable to the person injured or damaged.
  

Tex. R. Civ. P.
 51(b) (emphasis added).
(footnote: 10)  

As in 
Griffin
, the suit between the plaintiff and the insured remains pending in the trial court, 
see Griffin
, 955 S.W.2d at 83, 
which severed Appellants’ tort action against Kays from Appellants’ declaratory judgment action against State Farm.
  Thus, the instant suit is not a tort suit for damages against State Farm, it is a declaratory judgment action regarding the question of whether State Farm is obligated to defend or indemnify Kays in a suit brought against him by Appellants, third parties to the insurance contract.  Of particular significance is the fact that the 
Griffin
 court did not address the applicability or relevance of rule 52 when the court determined that a declaratory judgment action was an appropriate vehicle for the insurance company to utilize in seeking a declaration that it was not obligated to defend or indemnify its insured in a suit brought by a third party.  
See Griffin
, 955 S.W.2d at 84.  Accordingly, following the holding of the Texas Supreme Court in 
Griffin
 that a declaratory judgment action is permissible when brought by an insurance company against a third party seeking to have the insurance company defend or indemnify for conduct of its insured, we conclude that a declaratory judgment action is permissible when brought by a third party seeking to have the insurance company defend or indemnify for the conduct of its insured.  
See id.
 

Do Appellants’ Pleadings Affirmatively Negate The Duty To Defend Or Indemnify?

State Farm claims that Appellants’ pleadings affirmatively establish that  the coverage was excluded because the bodily injuries sustained by Kent Richardson arose from Kays’ ownership, operation of, or use of a motor or engine propelled vehicle, which coverage was specifically excluded in the condominium policy.  If Appellants’ pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing Appellants an opportunity to amend their pleadings.  
See
 
County of Cameron, 
 80 S.W.3d at 555.

Appellants’ pleadings, which we have quoted previously, allege that the injuries sustained by Kent Richardson were the result of Kays driving over Richardson with Kays’ motor vehicle.  State Farm’s policy specifically excludes from coverage any bodily injury arising out of the ownership, maintenance, operation, use, loading, or unloading of motor or engine propelled vehicles or machines designed for movement on land, including attached machinery or equipment.  
Additionally, the three acts of negligence alleged by Appellants
(footnote: 11) all involve intentional acts on the part of Kays and cannot be construed to be “accidents” so as to be included within the definition of “occurrence” enumerated in the policy. 

When we consider Appellants’ pleadings in light of State Farm’s policy provisions, without regard to the truth or falsity of Appellants’ allegations, we conclude that the actions alleged by Appellants are excluded by the condominium policy that State Farm has with Kays either because the injuries were caused by a motor vehicle or because the intentional acts of Kays do not constitute an occurrence for which coverage applies under the policy.  Accordingly, the pleadings establish that State Farm will never have a duty to defend or indemnify Kays for the injuries resulting from his use of a motor vehicle to injure Kent Richardson.  Because Appellants’ pleadings affirmatively negate the existence of jurisdiction, the trial court correctly granted State Farm’s plea to the jurisdiction and dismissed Appellants’ suit.  We overrule Appellants’ two issues.

STATE FARM’S REQUEST TO MODIFY THE JUDGMENT
 

State Farm’s brief concludes with a statement that the trial court correctly determined that the case was ripe for adjudication, and that because this issue was justiciable the trial court should have granted State Farm’s motion for summary judgment, rather than dismiss it as moot.  Accordingly, State Farm requests that this court “reform the trial court’s Judgment to reflect that State Farm Lloyds does not have a duty to defend or indemnify Kays for the injuries resulting from this incident,” citing rule of appellate procedure 43.2(c).
(footnote: 12)  Basically, State Farm is requesting that we render a summary judgment in its favor.

The trial court did not rule upon the merits of State Farm’s motion for summary judgment; the trial court dismissed the motion as moot.  State Farm has not filed a cross-appeal complaining of errors in the trial court’s judgment.  
See
 
Tex. R. App. P.
 25.1(c) (stating that “A party who seeks to alter the trial court’s judgment or other appealable order must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.”).
(footnote: 13)  Accordingly, we deny State Farm’s request that we modify the trial court’s judgment so as to render summary judgment in favor of State Farm.

CONCLUSION

Having overruled both of Appellants’ issues, we affirm the judgment of the trial court.

DIXON W. HOLMAN

JUSTICE

PANEL B:  DAUPHINOT, HOLMAN, and GARDNER, JJ.

GARDNER, J. concurs without opinion.

DELIVERED:  April 5, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Kays pled guilty to criminally negligent homicide.

3:
See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 37.004 (Vernon 1997) (“A person interested under a written contract . . . or whose rights, status, or other legal relations are affected by a ... contract . . . may have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights thereunder.”) 

4:
The trial court subsequently severed Appellants’ claims against Kays from those against State Farm.

5:
The emphasized language is taken directly from State Farm’s verified denial.  However, the emphasized language does not appear in the copies of the insurance policy contained in the appellate record.  The complete insurance policy is found in two separate places in the clerk’s record on appeal. Unfortunately, the top line of several pages in the policy is missing from each copy in the clerk’s record.  This court requested that the trial court file a supplemental record with another copy of the insurance policy; the copy in the supplemental record is also missing the top line of several pages.  The trial court clerk has now confirmed that the copy of the policy in the appellate record is identical to that contained in the clerk’s file— i.e., it is missing the same top line on various pages of the policy.

Nonetheless, there does not appear to be any disagreement between Appellants and State Farm regarding the exact language of this portion of the policy; rather, the parties disagree about the construction and application of the policy.  Accordingly, under these circumstances we will accept the emphasized language as an accurate depiction of the contents of the policy.

6:
“‘
Occurrence
’ means an accident, including exposure to conditions, which results in 
bodily injury
 or 
property damage
 during the policy period.”

7:
State Farm attached a “Compromise Settlement Release And Indemnity Agreement” whereby Appellants released all claims against Kays and State Farm under Kays’ 
automobile
 insurance policy with State Farm.  The release specifically excludes any claims arising under Kays’ 
condominium
 insurance policy with State Farm.

8:
The only rulings in the final judgment that were not included in the prior interlocutory order (other than the express finding that the court did not have subject matter jurisdiction) were that the court granted Appellants’ motion for severance, assessed all costs against Appellants, and added a clause indicating that the judgment disposed of all claims and parties before the court and is intended to be a final, appealable judgment.

9:
In their subsequent response to State Farm’s plea to the jurisdiction and motion for summary judgment, Appellants recite that Kent Richardson and Kays were formerly romantically involved, that Kent ended the relationship with Kays who repeatedly attempted to go to Kent’s house even after Kent had moved in with another person, and that this forced Kent to obtain a restraining order against Kays.

Although Appellants’ response states that these allegations are specified in their first amended original petition, a review of that document fails to reveal the existence of such allegations.  
Accordingly, because this information, including whether there existed a restraining order, is not contained in Appellants’ first amended original petition, we do not consider it in our review of whether the trial court correctly granted State Farm’s plea to the jurisdiction.  
See Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.
, 387 S.W.2d 22, 24 (Tex. 1965) (holding that “in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be”).

10:
State Farm also notes that the Texas legislature in 2003 failed to act upon House Bill No. 119 that would have amended the Texas Insurance Code to make it possible for a third party to directly sue a defendant’s insurance company:

A BILL TO BE ENTITLED AN ACT relating to insurers as proper parties to certain actions for damages.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

SECTION 1.  Subchapter E, Chapter 21, Insurance Code, is amended by adding Section 21.56A to read as follows:

Section 21.56A.  INSURER AS PROPER PARTY.  In a suit for recovery of damages in which a defendant in the suit is an insured under a policy of liability insurance that may provide coverage for the damages, the insurer who issued the policy, including a county mutual insurance company, Lloyd’s plan, surplus lines insurer, or reciprocal or interinsurance exchange, is a proper party to the suit. 

Tex. H. B. 119, 78th Leg., R. S. (2003).  
Also located at:
 http://ww w.capitol.state.tx.us/tlodocs/78R/billtext/doc/HB00119I.doc (last visited Apr. 3, 2007).  This bill was introduced but never voted on by the legislature as a body or by any committee.  However, failure to report a bill from committee or inaction by the legislature does not conclusively establish legislative intent.  
El Chico Corp. v. Poole
, 732 S.W.2d 306, 314 (Tex. 1987).  The supreme court held that while failure to enact a bill may arguably be some evidence of intent, other reasons are equably inferrable.  
Id.
  “Lack of time for consideration, opposition by a particular member or committee chair, efforts of special interest groups, or any other unidentified extraneous factor may, standing alone or combined together, act to defeat a legislative proposal regardless of the legislature’
s collective view of the bill’
s merits.”  
Id.

11:
These acts were: 
 not refraining from going to the residence of Kent Richardson and his roommate even after being requested to stay away; stepping onto the property of Kent and his roommate and dissassembling their security equipment and removing or stealing the video surveillance camera mounted on their front porch; and ignoring the pleas of both Kent and his roommate to stay away and sever the relationship/friendship.

12:
See
 
Tex. R. App. P.
 43.2(c) (“The court of appeals may: . . . (c) reverse the trial court’s judgment in whole or in part and render the judgment that the trial court should have rendered.”).

13:
State Farm does not address whether “just cause” exists for us to modify the trial court’s judgment absent State Farm’s failure to file a notice of appeal.