Affirm; Opinion Filed January 3, 2013.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-11-00561-CV

**DENISE BROWN AND GREG BROWN, Appellant**

**V.**

**AMERICAN WESTERN HOME INSURANCE COMPANY, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-10-02584-C-A**

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Myers

Appellants Denise and Greg Brown appeal from a summary judgment granted in favor of appellee American Western Home Insurance Company. In only a single issue, the Browns contend the trial court erred by granting summary judgment. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

Denise and Greg Brown own a condominium unit located at 4439 Travis, Dallas, Texas. Like the other condominium unit owners, the Browns are members of the "Forty-Four Hundred Condominium Residents' Association," and subject to its bylaws. Under the association's bylaws, its elected board of directors is responsible for administering the condominium property, maintaining the common elements, approving the annual budget, and establishing or collecting all authorized

assessments.

On June 5, 2009, American Western Home Insurance Company issued a commercial property insurance policy to the "4400 Residents Association, c/o Knobler Property Management" for the premises at 4439 Travis. The named insured under the policy, which covered the period of May 15, 2009 through May 15, 2010, was the "4400 Residents Association." On April 19, 2010, the Browns filed suit against the residents' association, contending they purchased the property located at 4439 Travis, Unit 101A, Dallas, Texas, that the 4400 residents' association was required to maintain "certain portions of the same," and that the association "failed to timely or properly maintain the property," thereby causing damage to the Browns.

On November 4, 2010, the residents' association counterclaimed for the Browns' alleged violations of the association's declarations, bylaws, and regulations. Specifically, the association alleged:

> Plaintiffs have made structural improvements to their residence without prior written consent. Further, Plaintiffs have made significant alterations to the exterior condition of the building as to color, appearance and structural integrity, including removal of tiles, terrace flashing, stucco, exterior door moldings and window elements, all without prior written consent. While some of these items have been replaced, they have not kept with the harmony of the external design of the building and have been poorly replaced and may lead to damage and deterioration of the building.

The association's pleading indicated it was based on the Browns' breach of the restrictive covenants pertaining to the property, and the counterclaim was for this alleged breach. The association alleged no tort claims against the Browns. The Browns later added Kathy Puckitt and Nancy Hathorn Sheets as defendants based on their roles as association board members, alleging they failed to maintain the condominium property, failed to exercise valid business judgment to matters of managing the association and the common areas of the condominium property, and failed to take legal action against American Western for its alleged failure and refusal to honor the insurance policy issued to

the residents' association.

The Browns joined American Western to their suit against the association on September 21, 2010, alleging causes of action against it for (1) negligence and negligent misrepresentation, (2) violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act, and (3) breach of contract. These actions were premised on the association's purchase of an American Western policy of insurance coverage for the association and American Western's alleged failure and refusal, as an insurer for the association, to honor that policy. The Browns' most recent pleading, their seventh amended petition, alleged the following causes of action against American Western: (1) negligence and negligent misrepresentation; (2) breach of contract; (3) violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act; (4) breach of the duty of good faith and fair dealing; (5) "ambiguity/estoppel"; (6) "waiver/estoppel"; and (7) knowing and intentional conduct in violation of the insurance code and the DTPA. All of these claims were pleaded as direct causes of action by the Browns against American Western.

American Western filed a traditional motion for summary judgment on February 22, 2011. The motion argued, among other things, that American Western was entitled to summary judgment because the "[p]laintiffs are not an insured under the policy and the Association's counterclaim does not qualify as an occurrence" under the policy. On March 25th of that same year, the trial court signed an order granting American Western's motion for summary judgment.[1] American Western moved to sever the adjudicated claims, so the summary judgment would become final. On April 11, 2011, the trial court granted the motion, severing the Browns' claims against American Western into a separate suit. The Browns subsequently filed this appeal.

---

[1] The court's docket sheet contains an entry from April 7, 2011, stating that the trial court granted American Western's motion for traditional summary judgment.

## DISCUSSION

The only questions before us are whether the Browns were "named insureds" under the policy and whether American Western had a duty to defend them. In their only issue, the Browns contend the trial court erred by granting summary judgment because they were "named insureds" under the policy and American Western failed to prove, as a matter of law, that it did not have a duty to defend the Browns against the association's counterclaim. American Western responds that, even if the Browns were insureds under the policy, the duty to defend was not triggered because the association's counterclaim did not qualify as an "occurrence" under the terms of the policy. We agree.

We review de novo the trial court's summary judgment. *Mid–Century Ins. Co. of Tex. v. Ademaj,* 243 S.W.3d 618, 621 (Tex. 2007); *Beesley v. Hydrocarbon Separation, Inc.,* 358 S.W.3d 415, 418 (Tex. App.—Dallas 2012, no pet.). When reviewing a traditional summary judgment granted in favor of the defendant, we determine whether the defendant conclusively disproved at least one element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex. 1997). A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *Beesley,* 358 S.W.3d at 418. The movant must show there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 800 (Tex. 1994). In deciding whether a disputed material fact issue exists precluding summary judgment, we must take evidence favorable to the non-movant as true, and we must indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Sysco Food Servs.,* 890 S.W.2d at 800. When, as in this case, the court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of

the theories presented to the trial court are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

An insurer's duty to defend arises when a third party sues the insured on allegations that potentially state a cause of action within the terms of the policy, without regard to the truth or falsity of the allegations. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008); *Gehan Homes, Ltd. v. Employers Mut. Cas. Co.*, 146 S.W.3d 833, 838 (Tex. App.—Dallas 2004, pet. denied). The duty to defend is determined under the "eight corners rule," that is, by examining the allegations in the underlying pleadings and the language of the insurance policy. *Nokia*, 268 S.W.3d at 491; *Gehan Homes*, 146 S.W.3d at 838. We consider the allegations in light of the policy provisions, giving the allegations in the petition a liberal interpretation in favor of the insured and resolving all doubts in favor of the insured. *Nokia*, 268 S.W.3d at 491; *Gehan Homes*, 146 S.W.3d at 838. If the pleadings do not allege facts within the scope of the policy's coverage, an insurer does not have a duty to defend. *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848 (Tex. 1994). If the pleadings do not state facts sufficient to show that the cause of action is clearly covered or not covered, "the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage of the policy." *Nokia*, 268 S.W.3d at 491 (quoting *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965)); *Gehan Homes*, 146 S.W.3d at 838.

The relevant provision of the policy's commercial general liability coverage provided that "[t]his insurance applies to 'bodily injury' and 'property damage' only if" it "is caused by an 'occurrence' that takes place in the 'coverage territory,'" and "[t]he 'bodily injury' or 'property damage' occurs during the policy period." The policy defined an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

Coverage did not apply to "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured." The policy also did not apply to "property damage" to property that the insured owns, rents, or occupies, or the part of any property that must be restored, repaired, or replaced because the insured's work on it was incorrectly performed. Each individual condominium unit owner was defined as an insured under the policy, "but only with respect to liability arising out of the ownership, maintenance or repair of that portion of the premises, which is not reserved for that unit owner's exclusive use or occupancy."

Although the term "accident" was not defined in the policy, it should be given its generally accepted or commonly understood meaning. *See Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007). "An accident is generally understood to be a fortuitous, unexpected, and unintended event." *Id.* Furthermore, where acts are voluntary and intentional and the injuries are the natural result of the act, the result was not caused by an accident even though it may have been unexpected, unforeseen, and unintended. *See Wessinger v. Fire Ins. Exch.*, 949 S.W.2d 834, 838 (Tex. App.—Dallas 1997, no writ); *see also Lamar Homes*, 242 S.W.3d at 8 ("We have further said that an intentional tort is not an accident and thus not an occurrence regardless of whether the effect was unintended or unexpected").

American Western argues the Browns were not insureds under the policy for purposes of the condominium residents' association's counterclaim because the counterclaim was not based on any damage to the condominium property's "common elements." The counterclaim arose, according to American Western, from that portion of the premises reserved for the Browns' "exclusive use or occupancy"—their own patio and residence. The Browns insist they were charged with liability as to the common elements, thereby triggering the duty to defend. We need not resolve this issue. Assuming, without deciding, that the Browns were insureds under the policy, American Western did

not have a duty to defend them because the association's counterclaim did not qualify as an "occurrence" under the terms of the policy.

The Browns filed their lawsuit against the association in 2010, contending it failed to timely or properly maintain the property. The association's counterclaim against the Browns alleged they made certain alterations, repairs, and improvements to their residence without prior written consent, in violation of the association's declarations, bylaws, and regulations. The counterclaim was premised on the Browns' intentional violation of the association's declarations, bylaws, and regulations. But the insurance policy applied only to property damage caused by an "occurrence," and under the terms of the policy, an "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." "An accident is generally understood to be a fortuitous, unexpected, and unintended event." *Lamar Homes,* 242 S.W.3d at 8. The policy excludes intentional acts. Even when construed liberally in favor of the Browns, the association's counterclaim did not allege an "occurrence" under the terms of the policy. American Western therefore established, as a matter of law, that it was entitled to summary judgment. We overrule the Browns' issue.

We affirm the trial court's judgment.

_____
LANA MYERS
JUSTICE


110561F.P05

—7—



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DENISE BROWN AND GREG BROWN,
Appellant

No. 05-11-00561-CV          V.

AMERICAN WESTERN HOME
INSURANCE COMPANY, Appellee

Appeal from the County Court at Law No. 3 of Dallas County, Texas. (Tr.Ct.No. CC-10-02584-C-A).
Opinion delivered by Justice Myers, Justices Moseley and Fillmore participating.

        In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee AMERICAN WESTERN HOME INSURANCE COMPANY recover its costs of this appeal from appellants DENISE BROWN AND GREG BROWN.


Judgment entered January 3, 2013.



_____
LANA MYERS
JUSTICE